## McFARLAND ET AL. *v.* MASSENGILL ET AL.

[No. 18,650. Filed June 10, 1955. Rehearing denied July 11, 1955. Transfer denied November 15, 1955.]

*Crumpacker, May, Beamer, Levy & Searer,* of South Bend, for appellants.

*Albert L. Doyle,* of Mishawaka, for appellees.

ROYSE, J.—Appellees brought this action against appellants for a mandatory injunction to enjoin an alleged encroachment of appellants' garage upon appellees' real estate, and to compel the removal thereof; also to quiet

their title thereto. Upon proper request the trial court made its special findings of fact and stated its conclusions of law thereon in favor of appellees. Judgment accordingly.

The error assigned here is the overruling of appellants' motion for a new trial. The specifications of that motion are, that the decision is not sustained by sufficient evidence and is contrary to law.

The errors which appellants seek to present under the foregoing specifications require a consideration of the evidence.

At the outstart we are confronted with the motion of appellees to dismiss or in the alternative affirm the judgment of the trial court because of the failure of appellants to present a bill of exceptions containing all of the evidence, and for failure to conform to the Rules of the Supreme Court in the preparation of their brief. This motion presents many serious questions. However, in view of the conclusion we have reached we need consider only one—that none of the fifteen exhibits are in the transcript.

The Judge's certificate certifying the bill of exceptions is as follows:

"I, Dan Pyle, Judge of the St. Joseph Circuit Court, do hereby certify that the above and foregoing Bill of Exceptions No. One containing the evidence, of the defendants, Howard McFarland and Claire B. McFarland, in the above entitled cause, is correct; that the same contains all of the evidence given in said cause.

"And I do now sign and seal the same, and order that it be made a part of the record in this cause, without copying, this the 20 day of September, 1954."

The certificates of the Reporter and Clerk showing the filing of the bill of exceptions then follow.

Fifteen exhibits consisting of maps and plats which are material to the question which appellants seek to raise are not in the transcript filed in this court. A separate binder identified only by a typewritten statement—"EXHIBITS IN TRANSCRIPT OF APPEAL" —and then giving the title and number of this cause, was filed with the Clerk of this court at the time the transcript was filed. These are not part of the record herein and cannot be considered by this court.

"Where maps, photographs and plats are introduced in evidence, but are shown to be omitted from the bill of exceptions, the bill does not contain all the evidence, even though the judge certifies that it does." Flanagan, Wiltrout & Hamilton, Indiana Trial and Appellate Practice, Ch. 45, §2280, p. 85; *Board of Commissioners of Parke County* v. *Wagner, Administrator* (1894), 138 Ind. 609, 38 N. E. 171; *Schultz et al.* v. *Keel et al.* (1952), 122 Ind. App. 471, 106 N. E. 2d 254.

Appellants, after this and other matters referred to in appellees' motion to dismiss or affirm had been called to their attention, made no effort to correct in the manner outlined by this court in the case of *Slinkard* v. *Wilson et al.* (1952), 125 Ind. App. 76, 105 N. E. 2d 342 (Transfer denied).

All of the evidence not being in the record before us, no question is presented by this appeal. Judgment affirmed.

Pfaff, C. J. and Crumpacker, J., not participating.

NOTE.—Reported in 127 N. E. 2d 108.