DUNN, MAYOR, ET AL. *v.* STATE, EX REL. EAKIN.

[No. 20,384. Filed October 6, 1904.]

APPEAL AND ERROR.—*Moot Question.*—*Dismissal.*—Where an action in mandamus against the mayor of a city was brought by an owner of a lot abutting an alley, for the removal of an obstruction in said alley, and the defense was that a certain other abutter owned the alley and denied the dedication thereof to public use, and, on the trial, judgment was rendered for plaintiff, and during the pendency of the appeal such lot owner, claiming to own such alley conveyed her premises, and the grantee removed such obstructions and restored the alley to public use, such appeal will be dismissed as presenting only a moot question.

From Monroe Circuit Court; *J. B. Wilson,* Judge.

Action by the State of Indiana, on relation of Julia S. Eakin, against Frank J. Dunn, as mayor of Bloomington, and the common council of said city, for a writ of mandate to compel them to remove an obstruction to an alley. Judgment for plaintiff, and defendants appeal. *Dismissed.*

*W. E. Hottel, R. W. Miers, Edwin Corr* and *D. K. Miers,* for appellants.

*J. R. East* and *R. H. East,* for appellee.

JORDAN, C. J.—The relatrix prosecuted this action to secure a writ of mandamus to compel appellants, as mayor and members of the common council of the city of Bloomington, Monroe county, Indiana, to remove obstructions which had been placed across a certain alley of said city. The obstructions consisted of a fence and gate which had been built or constructed across said alley at a point thereon near certain real estate claimed to be owned by one Mary Stewart, and had been maintained as an obstruction of said alley since the 12th day of May, 1902. They served to prevent the free use by the public in general of the alley, and also served to obstruct the use thereof by the said relatrix, to her alleged damage. The petition avers a demand by relatrix that appellants remove the obstructions, with which

demand it is averred they refused to comply. Demurrers
to the petition and an alternative writ were overruled. Ap-
pellants filed a return in three paragraphs to the alternative
writ of mandate. The first was a general denial. By the
second paragraph they alleged "that a *bona fide* dispute ex-
isted as to the legal existence of the said alley; that one
Mary Stewart claimed to be the absolute owner of the strip
of ground as described in the complaint, and that she
claimed that neither the public nor the relatrix had any
right to use the alley in question; that the alley was but
a private way, and was used as such." The third paragraph
averred that the appellants had investigated the matter in
controversy, and feared that if they removed the obstruc-
tion complained of they would be trespassing, and therefore
they had refused to take any further action. A demurrer
to the return was overruled. Appellee replied that the alley
had been dedicated to the use of the public by abutting
owners, and that Mary Stewart made no claim thereto prior
to May 12, 1902. It is further alleged that no *bona fide*
dispute over the alley exists. Upon the issues joined there
was a trial by jury, and a verdict returned awarding the
relatrix a peremptory writ of mandate. Over appellants'
motion for a new trial, judgment was rendered to the effect
that the writ be issued commanding appellants, as officers
of the city of Bloomington, and as members of the common
council thereof, to remove, or cause to be removed, from
the alley in question, the obstructions in controversy. From
this judgment appellants have appealed, and have assigned
numerous rulings of the court as errors.

Appellee has filed a motion to dismiss the appeal on the
ground that, since it has been taken, all of the obstructions
across the alley which appellants were commanded to re-
move by the peremptory writ have been removed from said
alley, and that it is now open to the free use and enjoyment
of the public. The motion is supported by affidavit. The
verified facts, together with those disclosed by the record

in the case, show that appellants upon the trial claimed, as a defense to the action, that one Mary Stewart asserted or claimed to be the owner of the strip of ground over which the alleged alley passed at the point where the obstructions in question had been placed. She denied that the alley was open to the public. It appears that, under the claim that she was the owner of the strip of ground in controversy, she had caused to be built and placed across the alley the obstructions in dispute. It is established, however, that since this appeal was taken, she has, by a quitclaim deed, conveyed said strip of ground to one Edward Wagner, who, after said conveyance, removed all of the obstructions in controversy from the alley, and has opened it to the use of the public in general, and it is now being used by the public in like manner as other public alleys of said city are used.

It appears that the only question involved in this action is the right of the relatrix to compel appellants by mandate to remove the obstructions in question from the alley. It is contended by appellants' counsel that there is no longer any real question involved in the case, and that nothing remains, under the facts, but a mere moot proposition for determination by the court, because Wagner, to whom Mary Stewart conveyed whatever right or title, if any, she had in and to the ground upon which the obstructions were placed, has voluntarily removed each and all of them from the alley, and has thrown it open to the free travel and use of the public in general, and that the same is now being used by the public. It is insisted, therefore, that the appeal should be dismissed. The facts in regard to the conveyance of the strip of ground to Wagner and the removal by him of the obstructions since the taking of this appeal, and throwing open the alley to the use of the public, are not controverted by appellants, but are virtually admitted. The claim, however, is advanced by them that the removal of the obstructions was made by Wagner at his own instance, and not at

their request.  Their counsel, in opposing the motion to dis-
miss the appeal, contend that, if it is sustained, the ques-
tion in respect to the alley being a public thoroughfare, and
as to the duty of the appellants to keep it unobstructed,
will remain undetermined.  It is asserted that a decision
upon these points will serve a very useful purpose in the
event any controversy in regard thereto may arise in the
future.

That the record in this appeal, under the facts as estab-
lished, presents nothing more than a mere moot question is
manifest.  The question in regard to the alley being public,
and therefore under the jurisdiction of the common council,
was a matter necessarily involved in the claim asserted by
the relatrix that it was the duty of the appellants, under the
law, to remove therefrom the particular obstructions.  As
shown, Wagner, since the case was tried below, has acquired
all the right and title of Mary Stewart in and to the prem-
ises upon which the obstructions in controversy below had
been placed and maintained.  He has removed them and
opened the alley at the point of obstruction to the free use of
the public, and it is now being used in all respects as other
public alleys of the city.  Certainly, under the circum-
stances, the subject of the controversy herein has been elim-
inated from the case; and if this appeal were sustained, and
the cause remanded to the lower court, there would virtually
be nothing in that tribunal over which the parties could liti-
gate, except, perhaps, a question of cost.  Certainly the trial
court would not attempt to compel that to be done which
has already been performed.  It has been the universal prac-
tice of this court to dismiss an appeal when it is made to
appear that it is unnecessary to decide the question pre-
sented.  In fact, it is an elementary principle that it is the
province of a court to decide real questions or controversies
between litigants, and not to decide simply moot or abstract
propositions.  The authorities generally affirm as a settled
rule of appellate procedure that where it is shown in the

particular appeal that the litigation or controversy has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved, the appeal, under the circumstances, will be dismissed. The decisions of this court fully sustain the rule. *Stauffer* v. *Salimonie Mining, etc., Co.* (1897), 147 Ind. 71, and cases there cited; *Manlove* v. *State* (1899), 153 Ind. 80; *Rowe* v. *Bateman* (1899), 153 Ind. 633; *State, ex rel.,* v. *Board, etc.* (1899), 153 Ind. 302; *Chicago Horseshoe Co.* v. *Lewis* (1901), 156 Ind. 232; *Mutual Benefit Life Ins. Co.* v. *Simpson* (1904), *ante,* 10, and cases there cited.

Where the real controversy in a cause is ended, an appeal therein will not be longer entertained for the mere purpose of deciding questions which may or may not arise in the future in other actions. Neither, under such circumstances, will the appeal be longer entertained for the purpose only of determining who ought to pay the cost of the litigation in the lower court. *Stauffer* v. *Salimonie Mining, etc., Co., supra; Manlove* v. *State, supra.*

Under the facts as shown, we conclude that the motion to dismiss should be sustained. The appeal is therefore dismissed.