## Nusbaum *v.* Geisinger.

[No. 6,804. Filed December 14, 1910.]

APPEAL.—*Moot Questions.—Contracts.—Restraint of Trade.—Physicians.*—Where a physician sold his practice in a certain county, agreeing not to prosecute his profession therein for a term of years, and, upon a violation thereof, he was enjoined to cease

until the expiration of that time, his appeal will be dismissed, where it is not ready for decision before the expiration of such time.

From Dekalb Circuit Court; *Emmet A. Bratton,* Judge.

Suit by Lewis N. Geisinger against William H. Nusbaum. From a decree for plaintiff, defendant appeals. *Appeal dismissed.*

*Thomas R. Marshall, William F. McNagny, P. H. Clugston, Charles M. Brown* and *Charles E. Emanuel,* for appellant.

*J. H. & J. E. Rose,* for appellee.

WATSON, J.—Appellant, who was practicing medicine and surgery in Dekalb county, Indiana, sold said practice and good-will thereof, together with certain real estate and personal property, to appellee, and, as a part of the contract and consideration thereof, appellant agreed with appellee that he (appellant) would retire from the practice of medicine and surgery in said county for and during the period of five years from September 1, 1905, and would not during said period engage in the practice of medicine and surgery in said county. Appellee instituted an injunction proceeding to restrain appellant from so practicing, alleging that appellant had been and was practicing in said county, in violation of said contract. A trial was had, and the court made special findings, in part, as follows: "(13) That defendant has, since October 1, 1905, until the commencement of this suit, performed surgical operations in Dekalb county, not being at the time in consultation with other physicians, but himself as operating surgeon. (14) That defendant has been, since October 1, 1905, until the commencement of this suit and thereafter, engaged in the practice of medicine and surgery in the city of Auburn, Dekalb county, Indiana, and will continue so to do unless enjoined from so doing."

The court thereupon enjoined appellant from practicing medicine and surgery in said Dekalb county until September 1, 1910, the date on which the contract expired.

Appellee moves to dismiss this appeal, for the reasons that the contract having expired and the injunction, which was issued herein, having lapsed, the appeal presents only mooted and abstract questions, and in this he is sustained by the record. The appeal is therefore dismissed upon the authority of *Hale* v. *Berg* (1908), 41 Ind. App. 48, and cases cited.