CRAPO ET AL. *v.* CITY OF GARY ET AL.

[No. 23,392.    Filed December 16, 1920.]

1. APPEAL.— *Moot Question.— Dismissal.— Motion.— Rules.—* A motion to dismiss an appeal, good in substance, but lacking verification, based on the ground that the question raised has become moot, and fully sustained by record evidence and affidavits filed in support thereof, referred to and described therein, and therein stated to be "submitted" to the court, is sufficient to require consideration by the Supreme Court, although not in literal compliance with its rules.    p. 10.

2. APPEAL.—*Sewers.—Injunction.—Waiver.—Dismissal.—*Where an appeal was taken from a denial of injunction against the construction of and assessments for a sewer, and, pending the appeal such sewer was constructed, and the lands of appellants assessed therefor, and the appellants by waivers filed, waived all objections to any irregularity or illegality in the proceeding, there remains no real controversy for decision, and the appeal will be dismissed, since the Supreme Court will not decide a question presented by the assignment of error for the mere purpose of settling liability for accrued costs.    p. 12.

3. APPEAL.—*Moot Question.—Parties.—Dismissal.—*That certain appellants were plaintiffs both as individuals and as trustees, and have appealed in both capacities, will not prevent a dismissal of the appeal as being moot, where the ruling appealed from was a denial of injunction against the construction of a sewer and against the establishment of liens for its cost of construction against the lands of the plaintiffs, and where, pending the appeal, waivers were filed as to all irregularities and illegalities in the sewer proceeding, by such persons as trustees but not as individuals, and the sewer was constructed and assessments made therefor, and where there is evidence before the Supreme Court from which it must be assumed that no lands owned by such appellants as individuals had been assessed for such sewer.    p. 13.

From Lake Circuit Court; *Willis C. McMahan*, Judge.

Action by William W. Crapo and others against the City of Gary and others. From a judgment for defendants, the plaintiffs appeal. *Appeal dismissed.*

*Ora L. Wildermuth* and *Herbert S. Barr;* for appellants.

*Harvey J. Curtis, John M. Fox* and *Davis & Starr,* for appellees.

LAIRY, J.—William W. Crapo and other plaintiffs filed a complaint in two paragraphs in the Lake Circuit Court, by which they sought to enjoin the city of Gary and the board of public works of that city, and certain contractors, named as defendants, from taking further steps to construct a certain sewer designated as "District Sewer, Number 35." It is alleged that appellants are the owners of lands which will be affected by the sewer if constructed, and which will be assessed to pay for the cost of the work. The complaint sets out the record of the board of public works of the city of Gary, from which it appears that, on January 2, 1917, said board passed a declaratory resolution for the construction of district sewer No. 13; and that from time to time such further steps were taken and such further proceedings had before said board as resulted in an order establishing such sewer according to plans, maps and profiles which had been adopted. The record set out in the complaint further shows that notice of the letting of the contract was published, and that bids were received, and that the contract for the construction of the sewer was awarded on April 18, 1917. The complaint in this case was filed on June 14, 1917.

The complaint is very long, and the court does not attempt in this opinion to state its substance or to recite the facts on which the pleader bases his prayer for re-

lief, the purpose being to give a general idea of the nature of the complaint and the relief sought.

As relief, the plaintiffs asked that the construction of the sewer under the proceedings set out in the complaint be enjoined, and that the defendants and each of them be enjoined from taking any steps to impose on the lands of the plaintiffs any lien for the cost of said sewer, or from taking any steps to impose, or to enforce any lien against the lands of any of the plaintiffs for the costs of such work, or any part thereof.

The first paragraph of the complaint was dismissed, and a demurrer for want of facts was addressed to the second paragraph, which the court sustained. Plaintiffs declining to plead further, the court adjudged that they take nothing by their complaint, and that the defendants recover their costs. From such judgment appellants prosecute this appeal, assigning as error the ruling of the trial court in sustaining appellee's demurrer to the second paragraph of complaint.

The transcript and assignment of errors were filed on November 10, 1917. On January 6, 1919, appellees filed a motion in this court, asking that the appeal be dismissed on the ground that the questions presented by such appeal had become moot.

On the same day that the motion to dismiss was filed, appellees filed with the clerk of this court a certified copy of the record of the board of public works of the city of Gary, showing the proceedings of said board with reference to district sewer No. 35, taken after the date on which the contract for construction was awarded as shown in the complaint. Bound in the same cover on which the file mark appears are two affidavits.

1. The petition to dismiss is not verified, but the record and affidavits heretofore mentioned are referred to and described therein, and it is stated that they are "submitted" to the court. Appellant ob-

jects to the motion as being insufficient under the rules of this court on the ground that the certified record and affidavits filed in support of the motion are not attached to and made a part thereof as exhibits by proper reference, and for the further reason that the motion itself is not verified. It must be conceded that the motion does not literally comply with the rule, but the objections are directed to the form of the motion, and not to its substance. The certified record and the affidavits filed and "submitted" fully sustain every material fact stated in the motion; and, while the form of the motion cannot be commended or approved, its substance is such as to require consideration by the court.

The certified record shows that the city engineer of the city of Gary made his report and final estimate on district sewer No. 35 to the board of public works of said city, showing that it had been completed, and showing the amount due the contractor for the work, which report and final estimate were accepted and approved by said board of public works on October 1, 1918. It also shows that, on October 28, 1918, said board by resolution adopted the primary assessment roll showing the benefits assessed against real estate affected by the improvement, and thereafter caused notice of such action to be given by publication in the Gary Daily Tribune, as shown by the affidavit of the publisher. The notice so published fixed November 18, 1918, as the day on which remonstrances by landowners feeling themselves aggrieved would be received and considered at a meeting of said board to be held at the city hall in Gary at 9 o'clock, a.m., on that day.

On the day fixed a number of appellants filed remonstrances, questioning the validity and the amount of the assessments made against the lands owned by them and assessed with benefits, which remonstrances were

overruled by the board, and said primary assessment roll was by resolution of the board confirmed and adopted as the final assessment roll, and was ordered filed with the board of finance. Thereafter, and within the time allowed by law, the same appellants filed with the board of finance their waivers, stating that they were the owners of lands described therein, by which they agreed, in consideration of the right to pay the assessments made against their lands in installments, as provided by statute, that they waived all objections to the validity and regularity of the assessments made against the lands described, and that they would pay the assessments when due, together with interest thereon. The foregoing facts all appear by the copy of the record of the board of public works of the city of Gary, which copy purports to have been made and certified by the clerk of said board under the solemnity of her official oath.

In addition to the facts so shown, it appears by the affidavit of William P. Cottingham that he was at the time the city engineer of the city of Gary; that he had examined the waivers filed by appellants, and that the real estate described therein includes all of the real estate described in the complaint against which any assessment was made on account of the construction of district sewer No. 35. The showing thus made is not controverted by any showing on behalf of appellants.

From the facts shown in support of the motion to dismiss, it appears that it can now make no difference, so far as the rights of appellants are concerned, 2. whether the complaint does, or does not, state facts sufficient to constitute a cause of action in their favor. By the waivers filed, they have agreed to make no objection to assessments levied against the lands described, on account of any irregularity or illegality in the proceedings on which they are based. It

thus appears that they would be precluded from obtaining any relief under the complaint filed, even though this court should decide the question presented by the assignment of error in their favor. It would be idle for the court to consider or to decide the question so presented. The court will not decide a question which involves no real controversy. Such a question is regarded as moot, and the court will not decide it for the purpose of settling liability as to accrued costs. *Dunn* v. *State, ex rel.* (1904), 163 Ind. 317, 71 N. E. 890; *American, etc., Ins. Co.* v. *Bertram* (1904), 163 Ind. 51, 70 N. E. 258, 64 L. R. A. 935.

Appellants, by their brief in opposition to the motion to dismiss, question the sufficiency of the showing made in support of that motion on the ground that it is not made to appear that Hyliger De-Windt and Delano DeWindt, in their individual capacities, filed any waiver as to lands owned by them in such capacity. It is true that both of these parties are named as plaintiffs below and appellants here in their capacity as trustees, and also each is named in his individual capacity. As trustees they both filed waivers, but it does not appear that either filed a waiver in an individual capacity. It does appear, however, from the affidavit of the city engineer, that the land described in the waivers covers all the lands described in the complaint which were assessed for the costs of the sewer. As this statement is uncontroverted, it must be assumed that, if either of these parties owned any of the lands described in the complaint in his individual capacity, the lands so owned were not assessed as benefited by the work. That being true, neither of these appellants is in a position to insist on a decision of the question presented by this appeal, and neither can be harmed by a dismissal.

Appeal dismissed.