WYSS ET AL. *v.* ESKAY DAIRY COMPANY.

[No. 15,163. Filed October 18, 1934. Rehearing denied January 26, 1935.]

*William Fruenchtenicht* and *Ward E. Dildine,* for appellants.

*Townsend, Thomas & Hilgemann,* for appellee.

BRIDWELL, C. J.—This appeal is from a judgment enjoining the appellants from carrying on and continuing, or engaging, or becoming interested in the dairy business in the city of Fort Wayne, Allen county, Indiana, until the 19th day of July, 1934.

It appears from the record and is without dispute, that on the 19th day of July, 1929, appellant William S. Wyss, as first party, and appellee, as second party, entered into a written contract whereby appellee was given an option to purchase the dairy business of said appellant within 30 days, upon terms specified in said contract. The option was exercised and the purchase consummated. Among the provisions of the contract was one as follows: "First party further agrees that in the event of exercise of the option and consummation thereof according to this contract, that he will not engage, or become interested in, the dairy business in the city of Fort Wayne or in Allen county, directly or indirectly, either personally or as principal or employee for any other individual, firm or corporation, for a period of five (5) years from the date of sale to second party hereunder."

The pleadings filed by the parties to this action presented for determination only the question as to

appellee's right to injunctive relief, appellee's complaint alleging, among other things, that appellant Wyss, in violation of the clause of the contract heretofore set out, organized the appellant Sunshine Dairy, Incorporated, on the .... day of ........ 1930, and that since said time, as an individual and by and through said corporation has been engaged in the dairy business in competition with appellee, operating said business in the city of Fort Wayne, and at the same location where he was engaged in the dairy business when appellee purchased same from him. Appellants each filed an answer of general denial and an affirmative paragraph of answer, the affirmative paragraphs of answer each praying for an order denying injunctive relief, and for costs.

The cause was tried by the court and, upon proper request therefor, a special finding of facts was made and conclusions of law stated thereon. Judgment was rendered in accordance with the conclusions stated and appellants each excepted to each conclusion. Each appellant filed motion for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law. These motions were each overruled and an exception reserved. The only errors assigned and relied upon for reversal are alleged errors in overruling the motions for a new trial, and in each of two conclusions of law stated by the court upon the special finding of facts.

Appellee has filed a verified motion to dismiss this appeal, "for the reason that the only question involved in said appeal has become moot, as is shown by the record." We are of the opinion that this motion should be sustained. The judgment enjoined appellants only until July 19, 1934, and its effectiveness, except as to costs, has ceased to exist on ac-

count of lapse of time. See *Nusbaum* v. *Geisinger* (1910), 46 Ind. App. 586, 93 N. E. 232. That this court will not entertain an appeal for the sole purpose of determining who shall pay the costs, and will not decide questions presented on appeal that have become moot is well settled. *Wiebke* v. *City of Fort Wayne* (1917), 64 Ind. App. 38, 115 N. E. 355; *Dunn* v. *State, ex rel.* (1904), 163 Ind. 317, 71 N. E. 890; *Crapo* v. *City of Gary* (1920), 190 Ind. 8, 129 N. E. 6.

Appeal dismissed.