### MIKELS *v.* SELIGMAN & LATZ OF INDIANAPOLIS

[No. 18,644. Filed June 10, 1955. Rehearing denied September 27, 1955. Transfer denied November 15, 1955.]

*C. James McLemore,* of Indianapolis, for appellant.

*John R. Carr, Jr., Henry C. Ryder* and *Buschmann, Krieg, DeVault & Alexander,* (of counsel), all of Indianapolis, for appellee.

KELLEY, J.—The appellant was employed by appellee for a period of years as a skilled operator and beautician. On January 23, 1952, while attending a special training course afforded by an associate corporation of appellee in the State of New York, appellant entered· into a written contract, purportedly with appellee and said New York associate corporation, providing for employment of appellant by appellee as a beauty operator. Pursuant to the contract, appellant returned to Indianapolis and engaged upon her work as such employee. On February 20, 1954, appellant voluntarily terminated her employment by appellee and entered the employ of a competitor of appellee in the city of Indianapolis.

Said contract contained a restrictive covenant by the terms of which appellant agreed that she "will not for at least one (1) year after such termination" (of employment) "be employed in or associated with in any way, any beauty or hairdressing establishment . . . which is or may be conducted or maintained within a radius of one (1) mile" from the salon of appellee in which appellant was employed at the time of such termination.

Appellee instituted this action to enjoin appellant from employment by or association with her new employer or any other beauty or hairdressing establishment or salon within a one mile radius of the salon operated by appellee for a period of at least one year from February 20, 1954. Upon final hearing, the court perpetually enjoined appellant from employment by or association with appellant's then employer, or any

other beauty or hair dressing establishment, within one mile of appellee's salon "for a period of one year from February 20, 1954."

It thus appears from the record that the year of injunction decreed by the court expired on February 20, 1955, and that there is no longer any live or actual litigation or real question involved in this case. There remains nothing for our determination but a moot question as to the correctness of the action of the court in issuing the injunction against appellant. Under such circumstances "it has been the universal practice of this court to dismiss" the appeal. *Dunn* v. *State, ex rel. Eakin* (1904), 163 Ind. 317, 320, 71 N. E. 890; *Nusbaum* v. *Geisinger* (1910), 46 Ind. App. 586, 93 N. E. 232; *Hale* v. *Berg* (1908), 41 Ind. App. 48, 83 N. E. 357; *Wyss* v. *Eskay Dairy Co.* (1935), 99 Ind. App. 620, 192 N. E. 324.

It has been suggested by appellant's counsel that an injunction bond was filed in this cause and that many concerns engaged in similar business to that of appellee are much interested in the determination of the validity of the restrictive covenant involved in this action.

Under the circumstances, if this appeal were sustained and the cause remanded to the trial court, there would be no further matter in that court for litigation by the parties, except as to the costs. The matter of liability, if any, on the injunction bond is the subject of another action. It is not involved in this action or in this appeal.

"Where the real controversy in a cause is ended, an appeal therein will not be longer entertained for the mere purpose of deciding questions which may or may not arise in the future in other actions. Neither, under such circumstances, will the appeal be longer entertained for the purpose only of deter-

mining who ought to pay the cost of the litigation in the lower court."

*Dunn* v. *State, ex rel. Eakin, supra.*
Appeal dismissed.
Royse, J., not participating.
NOTE.—Reported in 127 N. E. 2d 107.