INTERNATIONAL HARVESTER COMPANY ET AL. *v.* SNAVELY ET AL.

[No. 19,084. Filed June 10, 1959.]

*Lynnville G. Miles*, of Indianapolis, *Campbell, Livingston, Dildine & Haynie* and *David R. Heaton*, both of Ft. Wayne, for appellants.

*J. A. Bruggeman* and *William F. McNagny*, both of Ft. Wayne, for appellees.

SMITH, J.—The appellees, individually and on behalf of a class designated as "other employees" of the International Harvester Company at its Fort Wayne Works, brought an action in the court below against the International Harvester Company, and the International Union, United Automobile, Aircraft & Agricultural Implement Workers of America, CIO, which shall be hereinafter referred to in this opinion as the International Union, seeking a declaration to the effect that the "union shop" clause of the collective bargaining agreement between International Har-

vester and International Union and certain named officials of the International Union who are the appellees herein, is illegal and contrary to the public policy of Indiana as expressed in the "1933 Anti-Injunction Act," and as being violative of the Constitution of the State of Indiana and the Constitution of the United States; and seeking to enjoin the defendants (appellants) from placing into effect said "union shop" clause until final determination of this matter.

The Court, in his judgment in substance declared that the contract, insofar as the same provides that the right to work for and employment by the appellant, International Harvester Company, is conditioned upon membership in or payment of initiation fees or dues or payments of any character to said Union, is null, void and unenforceable in the State of Indiana; and that the appellees and other employees of the appellant, International Harvester Company, similarly situated, under the terms of said act, cannot be lawfully required in the State of Indiana to become or remain members of or to pay initiation fees or dues or payments of any character to said Union as a condition of employment by the appellant, International Harvester Company; and any attempt to enforce or apply such condition or to collect or to require the payment of such fees, dues or payments against the will and consent of appellees, or other employees, would be a violation of the 1933 Anti-Injunction Act and would afford the appellees and other employees against whom such attempt was made the right to injunctive relief upon compliance by them with all duties and obligations required of them by statute if other conditions precedent to the issuance of such injunction then exist. From this declaratory judgment this appeal is taken.

The evidence for the most part consisted of a stipulation of facts which in substance sets forth that the appellant, International Harvester Company, is a foreign corporation admitted to do business in the State of Indiana, and such corporation operates a factory, warehouses and other installations throughout the State of Indiana and throughout the United States; and such corporation is engaged in the manufactures, sale and shipping of machinery and various products and ships in interstate commerce products manufactured in Indiana. It was stipulated that such corporation is engaged in interstate commerce, and by and between all parties hereto that Local Union No. 57, an appellant herein, was certified by the National Labor Relations Board in 1940 as the collective bargaining agent for the production and maintenance workers of the International Harvester Company's plant in Fort Wayne, Indiana, and that such union is now and has been since 1940 the collective bargaining agent for such employees of such organization. Attached to the Stipulation of Facts as Exhibit 1 was the collective bargaining agreement between the International Harvester Company and the International Union. The provisions of the collective bargaining agreement are as follows:

> "(a) An employe in the bargaining unit who is a member of the Union in good standing at the time Sub-sections (a) to (g) become effective in such bargaining unit shall commencing thirty (30) days thereafter maintain his membership in the Union for the duration of this Contract to the extent of paying an initiation fee (if due and owing under the International Union Constitution), and the current periodic dues uniformly required as a condition of acquiring or retaining membership in the Union.
>
> "(b) An employe in the bargaining unit at the time Sub-sections (a) to (g) become effective in

such bargaining unit who is not a member of the Union at the time such Sub-sections (a) to (g) become effective shall be required to be a member on and after the date of such Sub-sections (a) to (g). Employes hired after the effective date of Sub-sections (a) to (g) shall become members of the Union within sixty (60) days after the thirtieth (30th) day following their date of employment. Employes required to join the Union under this Sub-section shall maintain their membership to the extent of paying an initiation fee (if due and owing under the International Union Constitution) and the current periodic dues uniformly required as a condition of acquiring or retaining membership in the Union.

"(c) Anything herein to the contrary notwithstanding, an employe shall not be required to become a member of, or continue membership in, the Union as a condition of employment, if employed in any state which prohibits, or otherwise makes unlawful requiring membership in a labor organization as a condition of employment.

"(d) The Union shall accept into membership each employe covered by this Contract who tenders to the Union the periodic dues and initiation fee uniformly required as a condition of acquiring or retaining membership in the Union.

"(e) 'Member of the Union in good standing' as used in Section 1 (a) and (b) above means any employe who is a member of the Union and is not more than sixty (60) days in arrears in the payment of period dues.

"(f) Initiation fees for membership in the Union shall not exceed the amount prescribed by the Constitution of the International Union at the time the employe becomes a member.

"(g) Any member whom the Union certifies to the Company as having failed to make the required payment of dues and initiation fees as provided in Sub-section (a) above, or any employe who fails to tender periodic dues and the initiation fee uniformly required as a condition of acquiring or retaining membership in the Union as provided in Sub-section (b) above, shall be considered delinquent commencing the month in

which the Company received certification of delinquency and shall be allowed a period of ten (10) working days following such certification by the Union within which to comply with the requirements of this contract commencing with the month in which his delinquency is certified to the Company."

It appears from the record in this cause that the contract in question and all of its various provisions expired on August 1, 1958, and that there is no longer any live or actual litigation or real question involved in this case. There remains nothing for our determination but a moot question as to the correctness of the judgment of the Court in declaring the "union shop" clause in such contract invalid. It has been the universal practice of this Court to dismiss an appeal when it is made to appear that it is unnecessary to decide the question presented. In fact, it is an elementary principle that it is the province of a court to decide real questions or controversies between litigants and not to decide simply moot or abstract propositions. *Dunn* v. *State ex rel. Eakin* (1904), 163 Ind. 317, 320, 71 N. E. 890; *Nusbaum* v. *Geisinger* (1910), 46 Ind. App. 586, 93 N. E. 232; *Hale* v. *Berg* (1908), 41 Ind. App. 48, 83 N. E. 357; *Wyss* v. *Eskay Dairy Company* (1935), 99 Ind. App. 620, 192 N. E. 324; *Mikels* v. *Seligman & Latz of Indianapolis, Inc.* (1955), 126 Ind. App. 17, 19, 127 N. E. 2d 107.

Under the circumstances, if this appeal were sustained and the cause remanded to the trial court for futher action, there would be nothing further for the trial court to determine upon the issues presented in this cause. The matter of the suggested liability, if any, upon some other asserted ground would be, of course, the subject of another action. It is not involved

in this action or in this appeal. As said in *Dunn* v. *State ex rel. Eakin, supra:*

> "Where the real controversy in a cause is ended, an appeal therein will not be longer entertained for the mere purpose of deciding questions which may or may not arise in the future in other actions. Neither, under such circumstances, will the appeal be longer entertained for the purpose only of determining who ought to pay the cost of the litigation in the lower court."

Appeal dismissed.

NOTE.—Reported in 158 N. E. 2d 802.