[see attachment for names of counsel]

## In the
## Indiana Supreme Court

No. 93S02-1306-EX-407

INDIANA GAS COMPANY, INC. AND
SOUTHERN INDIANA GAS AND ELECTRIC COMPANY, *ET AL.*           *Appellants (Respondents),*

v.

INDIANA FINANCE AUTHORITY AND
INDIANA GASIFICATION, LLC,                               *Appellees (Petitioners).*

Appeal from the Indiana Utility Regulatory Commission, No. 43976
The Honorable James D. Atterholt, Chairman
Larry S. Landis, David E. Ziegner, Commissioners

On Transfer from the Indiana Court of Appeals, No. 93A02-1112-EX-1141

**December 17, 2013**

**Dickson, Chief Justice.**


This is an appeal from an order of the Indiana Utility Regulatory Commission ("the IURC") approving a contract for the purchase of substitute natural gas ("SNG") and directing the procedure for resolving future related disputes. After the Court of Appeals voided the contract because a definitional term deviated from the required statutory definition, the contracting parties amended the contract to correct the error. We hold that the contract, as amended, renders the definitional issue moot and summarily affirm the Court of Appeals as to all other claims.


In 2009, the Indiana General Assembly passed the Substitute Natural Gas Act, authorizing the Indiana Finance Authority ("IFA") to contract for the purchase of SNG to be delivered to "retail end use customers" ("REUCs"). Under the SNG Act, purchase contracts

must provide a guarantee of savings to REUCs and be approved by the IURC. In January 2011, IFA executed a contract with Indiana Gasification, LLC ("Indiana Gas")[1] for the purchase of SNG ("the Contract").[2] IFA and Indiana Gas petitioned the IURC for its approval. Several regulated gas utilities ("the Utilities") were joined in the proceeding. Industrial transportation companies ("the Industrial Group") and consumer advocacy groups ("the Citizens Group") intervened. After an evidentiary hearing, the IURC found the Contract guarantees the required savings and approved the Contract, but declined to decide the scope of REUC as used in the Contract ("the Order").

The Utilities, Industrial Group, and Citizens Group appealed the IURC's Order. On October 30, 2012, the Court of Appeals issued its decision holding that "(1) the Utilities and the Industrial Group's claims are justiciable," and (2) "the Commission did not exceed its jurisdiction when it approved the Contract." Indiana Gas Co. v. Indiana Fin. Auth., 977 N.E.2d 981, 1003 (Ind. Ct. App. 2012). But the court reversed the IURC's approval of the Contract because the Contract's definition of REUC applies to industrial transportation customers. *Id.* By December 13, 2012, IFA and Indiana Gas entered into an "Amended Contract" that deletes from the Contract the language the Court of Appeals found improper.[3] In all other aspects, the Contract remains unchanged. Even though presented with the Amended Contract, the Court of Appeals denied rehearing. We granted transfer, thereby vacating the reversal of the IURC's Order pursuant to Indiana Appellate Rule 58(A). We hold that the Amended Contract defines REUC compatible with the SNG Act and renders the definitional issue moot.

"The General Assembly created the Indiana Utility Regulatory Commission primarily as a fact-finding body with the technical expertise to administer the regulatory scheme devised by the legislature." N. Ind. Pub. Serv. Co. v. United States Steel Corp., 907 N.E.2d 1012, 1015

---

[1] Appellee Indiana Gasification, LLC ("Indiana Gas") should not be confused with Appellant Indiana Gas Company, Inc.

[2] The Contract between IFA and Indiana Gas appears to be the one and only SNG purchase contract executed by the IFA.

[3] Approximately six months later, on May 10, 2013, Indiana Governor Michael R. Pence signed into law Senate Enrolled Act 494, which appears to amend the SNG Act to require that—regardless of this Court's decision—the Amended Contract must be submitted to the IURC for approval. *See* Ind. Code § 4-4-11.6-14 (2013). We decline the request of Indiana Gas to address the validity and impact of Senate Enrolled Act 494 as part of this appellate proceeding.

2

(Ind. 2009) [hereinafter NIPSCO]. The Indiana Code authorizes judicial review of IURC orders as follows:

> An assignment of errors that the decision, ruling, or order of the commission is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the decision, ruling, or order, and the sufficiency of the evidence to sustain the finding of facts upon which it was rendered.

Ind. Code § 8-1-3-1 (2012). This amounts to a multiple tiered review. NIPSCO at 1016. First, the order must contain specific findings on all the factual determinations material to its ultimate conclusions. *Id.* We review the conclusions of ultimate facts, or mixed questions of fact and law, for their reasonableness, with greater deference to matters within the IURC's expertise and jurisdiction. *Id.* (citing McClain v. Review Bd. of Ind. Dept. of Workforce Dev., 693 N.E.2d 1314, 1317–18 (Ind. 1998)). Second, the findings of fact must be supported by substantial evidence in the record. *Id.* We neither reweigh the evidence nor assess the credibility of witnesses and consider only the evidence most favorable to the IURC's findings. *Id.* (quoting McClain, 693 N.E.2d at 1317). Finally, we review whether IURC action is contrary to law, "but this constitutionally preserved review is limited to whether the Commission stayed within its jurisdiction and conformed to the statutory standards and legal principles involved in producing its decision, ruling, or order." *Id.*

**Definition of "Retail End Use Customer"**

On transfer, IFA and Indiana Gas concede that the Contract's definition of REUC is incompatible with the SNG Act, but they argue the Court of Appeals majority erred in reversing the IURC's Order. IFA and Indiana Gas do not simply ask this Court to follow Chief Judge Robb's dissent,[4] but instead ask this Court to

> affirm the [IURC's] approval of the Contract regardless of the addition of the 37 words, and in doing so *the Court may also take note that* the definitional issue is now moot because the offending 37 words have been removed by the IFA/[Indiana Gas] Contract amendment[.]

Appellees' Trans. Pet. at 14 (emphasis added). IFA and Indiana Gas explain that, under Section

---

[4] Chief Judge Robb, dissenting, would delete the 37 words and otherwise affirm the Commission's Order. We find it unnecessary to review which approach was correct because the Amended Contract renders the issue moot.

3

15.5 of the Contract,[5] "[t]he Contract permits [IFA and Indiana Gas] to amend their agreement." *Id.* To this point, the Utilities respond that "[a]ny assertion that the [Amended Contract] moots the issue of the Contract's defective definition of 'retail end use customer' and negates the need for further proceedings before the Commission is not well taken" because "[p]ursuant to Section 15.2 of the Contract,[6] the Contract became void and unenforceable in its entirety" when the Court of Appeals found the Contract's definition of REUC deviated from the statutory definition.[7] Appellant Utilities' Joint Response to Trans. Pet. at 9–10. Because the Amended Contract's definition of REUC is compatible with the SNG Act and our grant of transfer vacated the reversal of the IURC's Order, we dismiss the definitional issue as moot and affirm the IURC's approval of the Contract.

The Amended Contract's definition of REUC is compatible with the SNG Act. The Commission has the authority to approve a final purchase contract so far as the contract comports with the statutory requirements of the SNG Act. *See* Ind. Code § 4-4-11.6-14. The SNG Act defines an REUC as "a customer who acquires energy at retail for the customer's own consumption" from a gas utility or through a program approved by the IURC with rates subject to approval by the IURC. Ind. Code § 4-4-11.6-10 (2012). The Contract's definition of REUC adds language to the statutory definition, stating:

> "Retail End Use Customers" for purposes of this Agreement has the meaning set forth in Indiana Code 4-4-11.6-10; provided that, for the absence of doubt, "retail end use customer" means all Indiana customers of each applicable local gas distribution company *except for* industrial transport customers with an annual volume level of 50,000 dekatherms or greater.

Industrial Group's App'x at 384 (italic emphasis added). We agree with the Court of Appeals that this inclusion of transportation customers renders the Contract's definition of REUC

---

[5] "15.5. Amendments. Any amendments to this Agreement must be in writing executed by both Parties." Industrial Group's App'x at 361.

[6] "15.2 Non-Severability. All of the provisions of this Agreement constitute a material integral part of the Parties' agreements and this Agreement shall be construed in whole and not in part so that if individual provisions, agreements or covenants are determined to be invalid, void or unenforceable by any court having jurisdiction, then such determination shall invalidate, void, and make unenforceable this Agreement in its entirety." *Id.*

[7] The Court of Appeals did not rely upon the non-severability provision but rather reversed the IURC's Order because the IURC exceeded its statutory authority by approving a definition incompatible with the statutory standard. *See* Indiana Gas Co. v. Indiana Fin. Auth., 977 N.E.2d 981, 1003 (Ind. Ct. App. 2012).

4

incompatible with the statutory definition. But the Amended Contract deletes the language the Court of Appeals found improper, adopting a definition identical to—and thus compatible with—that under the SNG Act.

This Court's grant of transfer vacated the reversal of the IURC's Order, leaving IFA and Indiana Gas free to amend the Contract under Section 15.5. Under Indiana Appellate Rule 58(A), if this Court grants transfer, the prior appellate opinion or decision is automatically vacated, except for those portions we expressly adopt or summarily affirm. We agree with the Utilities that, under Section 15.2, a provision determined invalid, void, or unenforceable by any court having jurisdiction would invalidate, void, and make unenforceable the Contract in its entirety. But Section 15.2 does not apply because, upon this Court's grant of transfer, any invalidation of the REUC definitional provision was undone. Under Section 15.5 of the Contract, as approved by the IURC, IFA and Indiana Gas were free to amend—and did amend—the Contract to fix the definitional issue.

IFA and Indiana Gas have resolved the definitional issue; thus the issue is moot. "When the concrete controversy at issue in a case 'has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved,' the case will be dismissed." Matter of Lawrance, 579 N.E.2d 32, 37 (Ind. 1991) (quoting Dunn v. State, 163 Ind. 317, 321, 71 N.E. 890, 891 (1904)). Appellants requested that this Court vacate the IURC's Order in part because the Contract's definition of REUCs improperly applied to industrial transportation customers; IFA and Indiana Gas have addressed this concern by amending the Contract approved by the IURC and rendering it unnecessary for this Court to decide the issue.

### Conclusion

Finding the definition of REUC in the Amended Contract to be compatible with the SNG Act, we dismiss that issue as moot and affirm the IURC's Order approving the Contract. As to all other claims, we summarily affirm the decision of the Court of Appeals.

Rucker, David, Massa, Rush, JJ., concur.

5

# Counsel of Record

ATTORNEYS FOR APPELLANTS

INDIANA GAS COMPANY AND
SOUTHERN INDIANA GAS AND
ELECTRIC CO.
Norman T. Funk
Libby Y. Goodknight
KRIEG DEVAULT, LLP
Indianapolis, Indiana

VECTREN CORPORATION
Robert E. Heidorn
Joshua A. Claybourn
Evansville, Indiana

OHIO VALLEY GAS CORPORATION,
OHIO VALLEY GAS, INC., AND
SYCAMORE GAS COMPANY
Clayton C. Miller
BAMBERGER, FOREMAN, OSWALD &
HAHN, LLP
Indianapolis, Indiana

THE INDUSTRIAL GROUP
Todd A. Richardson
Joseph P. Rompala
LEWIS & KAPPES, P.C.
Indianapolis, Indiana

THE CITIZENS GROUP
Jerome E. Polk
POLK & ASSOCIATES LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

INDIANA GASIFICATION, LLC
Larry J. Wallace
James A.L. Buddenbaum
Travis W. Montgomery
PARR RICHEY OBREMSKEY
FRANDSEN & PATTERSON LLP
Indianapolis, Indiana

INDIANA GASIFICATION, LLC AND
INDIANA FINANCE AUTHORITY
Karl L. Mulvaney
Michael R. Limrick
BINGHAM GREENEBAUM DOLL LLP

INDIANA FINANCE AUTHORITY
Mark W. Cooper
Indianapolis, Indiana

INDIANA OFFICE OF UTILITY
CONSUMER COUNSELOR
A. David Stippler
Randall C. Helmen
Indianapolis, Indiana

NORTHERN INDIANA PUBLIC SERVICE
CO.
J. Thomas Vetne
Brian M. Kubicki
JONES OBENCHAIN, LLP
South Bend, Indiana

LINCOLNLAND ECONOMIC
DEVELOPMENT CORP.
Jefferson A. Lindsey
LINDSEY LAW OFFICE
Rockport, Indiana

ATTORNEYS FOR AMICI CURIAE

INDIANA CHAMBER OF COMMERCE,
INC.
William M. Waltz
Indianapolis, Indiana

INDIANA MANUFACTURERS
ASSOCIATION
Timothy J. Rushenberg
Indianapolis, Indiana

ENVIRONMENTAL JUSTICE ALLIANCE
OF GREATER SOUTH CHICAGO,
ENVIRONMENTAL LAW & POLICY
CENTER,
HEALTHY DUBOIS COUNTY, INC., AND
HOOSIER INTERFAITH POWER & LIGHT
Rosemary G. Spalding
SPALDING & HILMES, PC
Indianapolis, Indiana