ATTORNEYS FOR PETITIONER:
**PETER J. AGOSTINO**
**M. CATHERINE FANELLO**
ANDERSON AGOSTINO & KELLER, P.C.
South Bend, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**EVAN W. BARTEL**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

_____

# IN THE
# INDIANA TAX COURT

**FILED**
Nov 12 2015, 2:50 pm

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| UNION TOWNSHIP, ) | |
| ST. JOSEPH COUNTY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cause No. 71T10-1301-TA-00002 |
| ) | |
| STATE OF INDIANA, ) | |
| DEPARTMENT OF LOCAL ) | |
| GOVERNMENT FINANCE, ) | |
| ) | |
| Respondent. ) | |

_____

## ORDER ON RESPONDENT'S MOTION TO DISMISS

**FOR PUBLICATION**
**November 12, 2015**

WENTWORTH, J.

On January 8, 2013, Union Township, St. Joseph County filed an original tax appeal challenging the two final determinations of the Department of Local Government Finance (DLGF) that denied its two excess property tax levy appeals made in 2012. On June 18, 2013, the DLGF filed a Motion to Dismiss Union Township's appeal, asserting that it was moot. The Court, being duly advised, denies the DLGF's Motion.

BACKGROUND

Union Township is a civil taxing unit located in St. Joseph County, Indiana. In July of 2012, Union Township, together with the Union-Lakeville Fire Protection Territory, requested the DLGF's permission to impose an excess property tax levy. (See Pet'r Pet. at 3-4.) Their appeal documentation asserted that due to a $40 million "error" in calculating Union Township's 2010 net assessed valuation, they each suffered a property tax revenue shortfall in 2011. (See Pet'r Pet. at 4, Ex. B at 1-2, 13-14.) More specifically, they explained that the error was the result of the DLGF certifying Union Township's 2011 budget based on a net assessed valuation of $159,424,430, but St. Joseph County subsequently issuing the tax bills based on a lower net assessed valuation of $119,968,732. (See Pet'r Pet. at 4, Ex. B at 1-3.) Union Township and the Union-Lakeville Fire Protection Territory therefore requested the DLGF to "increas[e] the current [net assessed valuation] by at least $40,000,000 and [] allow[] a levy for 2012 payable 2013 sufficient to make up for the cumulative effect of th[at] error[]." (Pet'r Pet., Ex. B at 3.)

On October 16, 2012, Union Township submitted a second request for the DLGF's permission to impose an excess levy. (See Pet'r Pet. at 5-6, Ex. B at 17-27.) This second appeal again identified the $40 million error as the cause of a property tax revenue shortfall in 2011 and specifically sought a levy increase in the amount of $51,929. (Pet'r Pet. at 6-7, Ex. B. at 23-29.)

On December 7, 2012, the DLGF issued two final determinations that denied both excess levy appeals. (Pet'r Pet., Ex. A.) In denying the appeals, the DLGF explained, among other things, that Union Township had not provided evidence to

substantiate the existence of an actual $40 million error.  (See Pet'r Pet., Ex. A.)

On January 8, 2013, Union Township initiated an original tax appeal.  On May 11, 2013, while the appeal was pending with the Court, the Indiana Legislature enacted Indiana Code § 6-1.1-18-18.  That statute, which was effective immediately, stated:

> Sec. 18. (a) This section applies to the Union-Lakeville fire protection territory in St. Joseph County.
>
> (b) The executive of the provider unit may, upon approval by the fiscal body of the provider unit, submit a petition to the department of local government finance for an increase in the provider unit's maximum permissible ad valorem property tax levy for purposes of IC 36-8-19 for property taxes first due and payable in 2014.
>
> (c) If a petition is submitted under subsection (b), the department of local government finance shall increase the provider unit's maximum permissible ad valorem property tax levy for purposes of IC 36-8-19 for property taxes first due and payable in 2014 by the amount necessary to increase the provider unit's maximum permissible ad valorem property tax levy for purposes of IC 36-8-19 to seventy percent (70%) of the amount of the provider unit's maximum permissible ad valorem property tax levy for purposes of IC 36-8-19 that applied to taxes first due and payable in 2006.
>
> (d) A provider unit's maximum permissible ad valorem property tax levy for purposes of IC 36-8-19 for property taxes first due and payable in 2014, as adjusted under this section, shall be used in the determination of the provider unit's maximum permissible ad valorem property tax levy for purposes of IC 36-8-19 for property taxes first due and payable in 2015 and thereafter.
>
> (e) This section expires June 30, 2016.

IND. CODE § 6-1.1-18-18 (2013).

On June 18, 2013, the DLGF moved to dismiss Union Township's original tax appeal, claiming that the relief offered to Union Township under the newly-enacted

Indiana Code § 6-1.1-18-18 had rendered its appeal moot.[1]  (See Resp't Mem. Supp. Mot. Dismiss ("Resp't Br.") at 3-4.)  The Court held a hearing on the DLGF's Motion on September 11, 2013 at the University of Notre Dame Law School.[2]  Additional facts will be supplied as necessary.

## LAW

"The long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court."  In re Lawrance, 579 N.E.2d 32, 37 (Ind. 1991).  Accordingly, "[w]hen the concrete controversy at issue in a case 'has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved,' the case will be dismissed."  Id. (quoting Dunn v. State, 71 N.E. 890, 894 (1904)).

## ANALYSIS

The DLGF contends that Union Township's original tax appeal was rendered moot with the enactment of Indiana Code § 6-1.1-18-18.  (See Resp't Br. at 3-4.) Specifically, it asserts that once Union Township (as the "provider unit") submitted a petition to increase its maximum permissible property tax levy under Indiana Code § 6-1.1-18-18 for purposes of maintaining the Union-Lakeville Fire Protection Territory, the DLGF was required to grant it "for 2014 and beyond."  (See Resp't Mot. Dismiss, Ex. A

---

[1]  In the alternative, the DLGF argued that Union Township's appeal was not ripe for adjudication because it had not yet sought the relief provided by Indiana Code § 6-1.1-18-18. (See Resp't Mem. Supp. Mot. Dismiss at 4.)  The DLGF has since withdrawn that argument. (See Hr'g Tr. at 43-44.)  See also infra note 5.

[2]  The Court wishes to thank the staff and students at the University of Notre Dame Law School for their hospitality.

at 4 ¶ 10; Resp't Br. at 4.)[3]  Thus, the DLGF maintains that the ultimate relief Union Township seeks in its original tax appeal – the ability to recoup lost property tax revenue through an excess property tax levy – has already been provided through the application of Indiana Code § 6-1.1-18-18.  (See, e.g., Hr'g Tr. at 50-51 (asserting that through the application of Indiana Code § 6-1.1-18-18, Union Township had been made whole).)  The Court, however, disagrees.

Indiana Code § 6-1.1-18-18 was an obvious legislative response to a budgetary crisis that existed in Union Township.  Nonetheless, the Legislature limited the provision of budgetary relief through that statute solely to the Union-Lakeville Fire Protection Territory.  See I.C. 6-1.1-18-18.  Thus, the revenue generated through a levy increase permitted under Indiana Code § 6-1.1-18-18 is to be placed in Union Township's fire protection territory fund and to be used exclusively for the benefit of the Union-Lakeville Fire Protection Territory.  See, e.g., Johnson Cnty. Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue, 568 N.E.2d 578, 580-81 (Ind. Tax Ct.1991) (explaining that the best evidence of the legislature's intent in enacting a statutory provision is found in the actual language used within the statute itself), aff'd by 585 N.E.2d 1336 (Ind.1992); IND. CODE § 36-8-19-8(a) (2012) (amended 2014) (explaining that as the provider unit, Union Township was to create a fire protection territory fund, its sole purpose being to cover "all expenses of operating and maintaining the fire protection services within the territory" and that "money in the fund may not be used for any other expenses").

---

[3]  On August 5, 2013, the DLGF notified the Court that Union Township did indeed petition the DLGF for an increase in its maximum permissible property tax levy pursuant to Indiana Code § 6-1.1-18-18 and that the petition was granted.  (See Resp't Notice of [] Final Determination Granting Pet'r Relief, Ex. B.)

5

Here, however, the documentation provided to the DLGF as support for the two excess tax levies indicates that Union Township believed that the alleged $40 million error caused a total annual property tax revenue shortfall of approximately $52,000. (See generally Pet'r Pet. at 6-7, Ex. B at 13, 23.)  Of that amount, Union Township itself believed it was entitled to more than half.  (See, e.g., Pet'r Pet., Ex. B. at 26 (indicating that $27,000 was earmarked for Union Township's general and township assistance funds, while the remaining $25,000 was earmarked for the Union-Lakeville Fire Protection Territory funds).)  Accordingly, through its original tax appeal, Union Township seeks relief for more than just the Union-Lakeville Fire Protection Territory.

## CONCLUSION

Because Union Township's original tax appeal seeks relief beyond what was provided to the Union-Lakeville Fire Protection Territory under Indiana Code § 6-1.1-18-18, it is not moot.  The Court therefore DENIES the DLGF's Motion to Dismiss.

SO ORDERED this 12th day of November 2015.

_____
Martha Blood Wentworth
Judge, Indiana Tax Court

Distribution:

Peter J. Agostino, M. Catherine Fanello, Evan W. Bartel