## LAUTMAN v. PEPIN.

[No. 3,387.    Filed March 27, 1901.]

APPEAL AND ERROR.—*Briefs.— Failure to Discuss.—Waiver.—* Objections to certain proceedings, without any argument or the assignment of any specific reasons in support of the objections, do not constitute a sufficient presentation of the questions involved, and such questions are waived for failure to discuss them.  *p. 428.*

MALICIOUS PROSECUTION.—*Evidence.—*In the trial of an action for malicious prosecution, the proceedings had in the criminal prosecution are properly admitted in evidence.  *p. 429.*

APPEAL AND ERROR.—*Evidence.—Trial.—Order of Proof.—*An objection which amounts only to the order of proof is not available error on appeal.  *p. 429.*

MALICIOUS PROSECUTION.—*Evidence.—*In the trial of an action for malicious prosecution on the charge of selling mortgaged property, it was proper to permit plaintiff to testify that he told the purchaser at the time he made the sale that the property was mortgaged.  *p. 429.*

APPEAL AND ERROR.— *Evidence.— Objection.—* An objection to evidence that "it is not material" presents no question for review.  *p. 429.*

APPEAL AND ERROR.—*Joint Assignment of Error.—*No question is presented on a joint assignment of error as to the admission of two

separate and distinct items of evidence, where no exception was taken to the ruling of the court upon one of the items.  *p. 429.*

APPEAL AND ERROR.—*Evidence.—Transcript of Court Proceeding Introduced in Evidence.*—Where a transcript of certain court proceedings is offered in evidence and excluded, in order to present for review the action of the trial court in excluding the evidence, the offered evidence must be brought to the Appellate Court by bill of exceptions.  *p. 429.*

SAME.—*Instructions.—Joint Assignment.*—A joint assignment in a motion for a new trial as to the alleged error of the court in giving a certain series of instructions, or in refusing to give a certain series of instructions, is unavailable if either of the instructions given was correct or either of those refused was bad.  *p. 429.*

PLEADING.—*Harmless Error.*—Where the facts pleaded in an answer were admissible under the general denial, which was pleaded, sustaining a demurrer thereto was harmless.  *p. 430.*

From the Lake Circuit Court.  *Affirmed.*

*B. F. Ibach* and *J. G. Ibach,* for appellant.

*W. C. McMahan* and *J. C. Trainor,* for appellee.  ·

ROBINSON, J.—Appellee recovered a judgment against appellant for malicious prosecution.

The assignments of error are: "(1)  The court erred in overruling the motion for a new trial; (2) the first paragraph of complaint does not state facts sufficient to constitute a cause of action; (3) the second paragraph of complaint does not state facts sufficient to constitute a cause of action; (4) the third paragraph of complaint does not state facts sufficient to constitute a cause of action; (5) the fourth paragraph of complaint does not state facts sufficient to constitute a cause of action; (6) the court erred in sustaining a demurrer to the second paragraph of answer to the complaint; (7) the court erred in overruling the defendant's separate and several demurrers to plaintiff's first, second, third, and fourth paragraphs of complaint; (8) the court erred in overruling defendant's motion to make the complaint more specific."   Appellant's counsel in their brief have upon some questions simply made objections to certain proceedings, without any argument or the assignment of any specific reasons in support of the objections made. Questions thus presented are waived.

The proceedings had in the criminal prosecution were properly admitted in evidence. An objection which amounts only to the order of proof is not available.

Appellee had been prosecuted for having sold mortgaged property. There was no error in permitting him to testify that at the time he made the sale he told the purchaser the property was mortgaged.

An objection to evidence that "it is not material" presents nothing for review. *State, ex rel.* v. *Hughes,* 19 Ind. App. 266; *Miller* v. *Dill,* 149 Ind. 326; *Western Assurance Co.* v. *McAlpin,* 23 Ind. App. 220.

In the fourteenth reason for a new trial two causes were assigned, each having reference to a separate and distinct item of evidence. No exception was taken to the ruling of the court on the second cause assigned. An objection was made, but no exception taken. The assignment is joint, and as to one no question is presented.

Where a transcript of certain court proceedings is offered in evidence and excluded, in order to present for review the action of the trial court in excluding the evidence, the offered evidence must be brought up by a bill of exceptions. *Bensch* v. *Farnsworth,* 9 Ind. App. 547.

Counsel discuss certain instructions given and the refusal to give certain instructions offered. The nineteenth reason for a new trial is that "the court erred in giving instructions numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23 on its own motion." The twenty-first reason is: "The court erred in refusing to give instructions numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 asked by the defendant." This is a joint motion as to all the instructions given and as to all tendered and refused. It is not claimed that all those given are erroneous, and some of them are clearly right. The substance of some of the instructions tendered and refused was contained in the instructions given. The court recalled the jury after it had retired and withdrew instruction number eight. That part of the instruction which was proper

was embraced in another instruction given. The second, third, fourth, and fifth specifications of error present no question. *Louisville, etc., R. Co.* v. *Norman,* 17 Ind. App. 355.

The second paragraph of answer alleged facts to show the existence of probable cause for the prosecution. The burden being upon appellee to prove want of probable cause, appellant might introduce, under the general denial which was pleaded, facts showing probable cause. As the facts pleaded in the special answer could be shown under the general denial, it was harmless error to sustain the demurrer. *Trogden* v. *Deckard,* 45 Ind. 572.

The objections to the complaint are addressed to the complaint as a whole. The complaint avers malice and want of probable cause, describes the offense with which he was charged, and shows the termination of the prosecution and appellee's discharge. The complaint is not open to any objection urged against it. *Helwig* v. *Beckner,* 149 Ind. 131; *Indiana, etc., Co.* v. *Willis,* 18 Ind. App. 525.

A motion was made and overruled to make the complaint more specific, and ten days given to file a bill of exceptions. A record entry shows that this bill of exceptions was signed by the judge April 25, 1899, but it appears that the motion was not overruled until the 1st day of May, 1899. The only complaint in the record is an amended complaint, and the confusion probably arises from this fact. As the record stands it presents no question. Judgment affirmed.