SCHULTZ ET AL. *v.* KEEL ET AL.

[No. 18,268.  Filed June 5, 1952.]

*Solly K. Frankenstein* and *Lester E. Frankenstein,* both of Fort Wayne, for appellants.

*Gates & Gates,* of Columbia City, for appellees.

BOWEN, J.—This is an appeal from a judgment in an action by the appellees against the appellants seeking an injunction against the appellants from obstructing the south 20 feet of certain real estate owned by them and to enjoin the appellants from interfering with the appellees in passing or repassing over said real estate.

Issues were joined upon appellees' complaint which was predicated upon allegations that the south 20 feet of appellants' real estate was a portion of Buffalo Street, as the same was known for more than 40 years, and used as a thoroughfare in the incorporated town of South Whitley for more than 40 years, and that the appellees had the use of such 20 feet to pass and repass in going to and from the real estate owned by them. The complaint further alleged that the appellants had placed an obstruction on said 20 feet strip making it impossible to drive vehicles on the south 20 feet of the real estate, to which appellants had the record title, subject to the alleged public way and the rights of appellees to pass and repass over such real estate.

The prayer of the complaint asked for a temporary injunction, and upon the final hearing a permanent injunction, to compel appellants to remove such obstruction, and that appellants be enjoined from obstructing

the south 20 feet of such real estate in which they had the record title and from interfering with the appellees' and the public's right to pass or repass over said real estate.

The issues were joined upon appellants' answer to appellees' complaint, which denied the allegations thereof, and the cause was submitted to the court for trial, and the court made special findings of fact upon the request of the appellants. The court found in favor of the appellees, and the court stated its conclusions of law in favor of appellees.

At the time the action was instituted, the court granted a temporary restraining order according to the prayer of the complaint which enjoined appellants from obstructing the south 20 feet of the real estate to which they had record title pending the trial of said cause. In the final judgment, the court ordered that the temporary restraining order theretofore made as to that portion of the premises of appellants, north of a strip 6½ feet wide by parallel off of the south side of appellants' real estate, be vacated and set aside. The court in its findings also determined that the general public for a period of more than 40 years has used, and that the public is now using, as a thoroughfare, the platted portion of Buffalo Street and the gravelled portion of the land north of the platted street. That, at various times, the incorporated town of South Whitley, Indiana, has, at the expense of the citizens of the town of South Whitley, placed gravel and other improvements upon the roadway located upon the platted portion of the street known as Buffalo Street and upon the portions of lands immediately north of the platted portion of Buffalo Street used as a roadway. That said roadway immediately north of the platted

portion of Buffalo Street is partly upon and crosses the entire south portion of lands of which the appellants have record title, and that the portion of lands of the appellants that is used as a thoroughfare and roadway by the appellees and the general public is an average 6½ feet off of the south side of the real estate owned by the appellants, and that said 6½ feet off the south side of appellants' lands have been used for more than 40 years by the appellees and their predecessors in title and the general public, and that the general public has had open, notorious, continuous, and adverse use to the defendants, of such roadway; and that the appellants have never questioned the rights of appellees and the general public to the use of the average 6½ feet of the appellants' lands as a roadway and thoroughfare until the 23rd day of September, 1950, when a survey was made of such roadway, and that for a period of more than 40 years prior to September, 1950, the appellants and their predecessors in title acquiesced in and consented to the use by the appellees and their predecessors in title and the general public to an average 6½ feet of the south portion of the real estate as a roadway and thoroughfare.

Errors assigned for reversal are that the court erred in its conclusions of law and in overruling appellants' motion for a new trial. Grounds of such motion are that the finding of the court is not sustained by sufficient evidence and is contrary to law, and that the court erred in excluding certain evidence offered by the appellants. The error assigned as to the exclusion of evidence related to the attempted introduction of evidence by appellants showing a petition and proceeding under a certain resolution for the widening of Buffalo Street by the Board of Trustees of the town of South Whitley.

476

The appellants have not brought to this court by the bill of exceptions the exhibits which they claim were wrongfully excluded by the trial court.

When a transcript of certain court proceedings is offered in evidence and excluded, in order to present for review the action of the trial court in excluding such evidence, the offered evidence must be brought up by a bill of exceptions. *Lautman* v. *Pepin* (1901), 26 Ind. App. 427, 59 N. E. 1073; *Johnson* v. *Zimmerman* (1908), 42 Ind. App. 165, 84 N. E. 541; *Seibold* v. *Welch* (1922), 78 Ind. App. 238, 135 N. E. 258.

Considering the appellants' other assignments of error, that the decision of the court was not sustained by sufficient evidence and was contrary to law, we find that the record discloses there was ample evidence from a number of witnesses which was sufficient for the court to have found that the real estate described in the court's finding and judgment had been used as a public thoroughfare and dedicated to the public use as a roadway for more than 20 years. One witness, Frank Reese, testified he was 72 years old and that he had known the territory around Buffalo Street and Short Street and that the land in question had been used as a public thoroughfare all of his life; that the town of South Whitley had not only put dirt on the street and graded it, but also they had asphalted such street. Other witnesses testified as to a long use of such real estate as a public thoroughfare and that the town of South Whitley had placed asphalt and stone on such public thoroughfare, and that such roadway existed as in its present location except at the far west end of the area shown in the plat.

From the evidence in this record, the trial court was justified in determining that there had been a dedi-

cation of the real estate described in the court's judgment and decree for use as a public thoroughfare for more than 20 years. The court was not in error in failing to find that the use of such real estate by the appellees and the general public was a permissive use as contended for by the appellants. There is ample evidence to sustain the finding and judgment of the trial court.

The appellants further assert that the court erred in its conclusions of law. The second conclusion of law was that the temporary injunction heretofore issued should be continued by a permanent injunction. The appellants insist that the court did not find that anyone except appellants ever used any portion of this south 20 feet except the south 6½ feet, and that the foregoing conclusion of law was erroneous since the temporary injunction covered the 20 feet strip of real estate. The appellants further complain that conclusion of law No. 1 which states that the law is with the appellees and against the appellants, and that the appellees are entitled to the injunctive relief as prayed for in the complaint, is erroneous and ambiguous when the complaint asked for an injunction as to a 20 feet strip, while the judgment granted injunctive relief as to a 6½ feet strip only.

While, as appellants claim, such conclusions of law established that the appellees were entitled to more relief than was granted in the specific designation of real estate which the court enjoined appellants from obstructing in the judgment and decree, appellants have not been harmed by such discrepancy between the conclusions of law and the judgment, and it does not appear that the appellees have objected thereto by any motion to modify the judgment, nor have they filed cross-errors as to such mat-

ters. Therefore, no reversible error is shown as to such specifications.

The appellants claim reversible error by reason of the trial court's conclusion of law No. 3. In such conclusion, the court stated, "that the bond heretofore filed in this cause should be cancelled, and that all liability upon said bond shall cease . . ."

Under the issues in this case, there was no question presented as to the appellees' liability on the bond given at the time of the issuance of the temporary restraining order, either, by any request on the part of appellees under the issues that the question of such liability be adjudicated, nor by any answer by appellants claiming damages based on the liability of such bond.

In the absence of any statute in this state authorizing the determination of such liability at the final hearing upon the bond given upon the issuance of a temporary restraining order; where the injunctive relief granted upon the final hearing of such cause is less than the relief granted on the temporary restraining order; and where the question of any liability on such bond is not presented by the issues in the case, the proper remedy to determine such question of liability on such temporary injunction bond is a separate action on such bond or undertaking. 28 American Jurisprudence, §356, p. 529.

Therefore, the court's conclusion of law No. 3 was beyond the issues of the instant case. However, since such conclusion of law was beyond the issues herein, it was mere surplusage, and appellants' assignments of error with reference thereto are not grounds for reversal.

The dedication to public use in the instant case is not shown to have been made by express grant. How-

ever, an implied intention to dedicate the real estate in question to public use for more than 20 years is apparent from the record in this case, as shown by the discussion of the findings, *supra,* in this opinion.

An exhaustive and well reasoned opinion as to the law which is applicable to the facts in the case at bar is found in the case of *Pittsburgh, etc., R. W. Co.* v. *The Town of Crown Point et al.* (1898), 150 Ind. 536, 50 N. E. 741. The Supreme Court in discussing the facts of such case stated:

> "The findings show unmistakably an uninterrupted use by the public for thirty years, of a well defined way of thirty feet in width, connecting Goldsborough and Jackson streets, through and over the appellant's land. The way was defined by ditching and grading, it was accepted and recognized as a public way, not only by the thirty years of constant travel, but by the action of the town authorities in grading, ditching, and caring for the same, twice each year, in the manner of caring for the streets of said town. It was so far regarded by the citizens and property owners as a public street, that residences and business houses were constructed upon Goldsborough and Jackson streets, which streets, but for the way in question, would have had no outlet at the northern terminus of either, and for thirty years a livery stable was maintained upon lots adjacent to appellant's land, with its entrance upon the way in question. The use of said way, the grading, ditching and care of the same, the construction of buildings with reference to such way, and its use as a public street were with never an objection or question from the appellant."

Those facts are very similar to the facts in the case at bar. The court in such case held there had been an implied dedication to public use of the way in question.

From the decided cases, it would seem that the rule in such cases is that where there is an implied inten-

tion on the part of the owner of the soil to dedicate the same to public use, as shown by acts and circumstances of such a character as to induce the belief that the owner intended to dedicate the way to public use, and when there is actual acceptance and enjoyment by the public and individuals of such use for such length of time that public accommodation and private rights would be materially affected by a denial or interruption of the enjoyment thereof, such land becomes by dedication a public highway. The law under such circumstances will not permit the owner of the land to assert there was no intent to dedicate no matter what his secret intent. *Ross* v. *Thompson* (1881), 78 Ind. 90; *Pittsburgh, etc., R. W. Co.* v. *The Town of Crown Point, supra.*

In the instant case there was evidence from which the court could have reasonably inferred an implied dedication and acceptance by the public within the foregoing rule, for more than 20 years.

Therefore, for the reasons given herein, the finding and judgment of the court below was not contrary to law.

We find no reversible error in the court's findings of fact, conclusions of law, and in the judgment and decree entered in this cause. Judgment affirmed.

NOTE.—Reported in 106 N. E. 2d 254.