BLACKBURN ET AL. v. KOEHLER, DOING BUSINESS AS KOEHLER'S WHOLESALE RESTAURANT SUPPLY.

[No. 18,844. Filed March 12, 1957. Rehearing denied April 5, 1957. Transfer denied May 8, 1957.]

*Edward J. Fillenwarth*, of Indianapolis, for appellants.

*John D. Raikos*, of Indianapolis, for appellee.

COOPER, J.—This is an appeal from the granting of a temporary injunction enjoining the appellants from picketing the premises of the appellee.

The problem presented invokes the application of Acts of Indiana General Assembly, Acts 1933, ch. 12, p. 28, §1, §40-501, et. seq., Burns' 1952 Replacement.

The title of the above Act reads as follows: "An act defining and *limiting the jurisdiction of the courts* of this state *in the issuance of restraining orders and in-*

*junctions* in cases involving or growing out of labor disputes . . ." (Our emphasis).

Chapter 12, p. 28, §1, Acts 1933, the same being §40-501, Burns' 1952 Replacement, provides:

> "Issuance of injunctions restricted—No court of the state of Indiana, as herein defined, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this act (§§40-501—40-514) . . ."

Chapter 12, p. 28, §9 of the Act, the same being §40-509, Burns' 1952 Replacement, provides:

> "Injunction—Finding of facts—Limitation on prohibition. — No restraining order or temporary or permanent injunction shall be granted in a case involving or growing out of a labor dispute, *except on the basis of finding of facts made and filed by the court in the records .of the case prior to the issuance of such restraining order or injunction; and every restraining order or injunction granted in a case involving or growing out of a labor dispute shall include only a prohibition of such specific act or acts as may be expressly complained of in the bill of complaint or petition filed in such case and as shall be expressly included in said findings of fact made and filed by the court as provided herein."*
> (Our emphasis)

One of the questions which we have to consider is whether such statute makes it mandatory for the trial court to make and file the findings of fact referred to in such statute prior to the granting of an injunction. This necessarily involves the construction of the word, "shall", as used in the above sections. As a general rule of statutory interpretation, the presumption is that the word, "shall", as used in any given law, is to be construed in an imperative sense, rather than direc-

tory, and this presumption will control, unless it appears clearly from the context, or from the manifest purpose of the Act as a whole that the Legislature intended in the particular instance that a different construction should be given to the word. *State ex rel.* v. *Superior Court of Madison County* (1940) 216 Ind. 641; 25 N. E. 2d 642; *State ex rel.* v. *Meeker* (1914), 182 Ind. 240, 105 N. E. 906, and authorities cited.

"To ascertain the legislative intent, we must consider the entire statute and the object sought to be attained thereby. The intention of the lawmaker constitutes the law. *State ex rel. Rogers* v. *Davis* (1952), 230 Ind. 479, 104 N. E. 2d 382; *Haynes Automobile Co.* v. *City of Kokomo* (1917), 186 Ind. 9, 114 N. E. 758; *Thorne* v. *Silver* (1909), 174 Ind. 504, 89 N. E. 943, 92 N. E. 161; *City of Lebanon* v. *Dale* (1943), 113 Ind. App. 173, 46 N. E. 2d 269." *Wedmore* v. *State* (1954), 233 Ind. 545, 122 N. E. 2d 1.

The purpose of the Act is expressed in clear and unambiguous terms. The Act forbids the issuance of any injunction in a case involving or growing out of a labor dispute, except in strict conformity with the provisions thereof, as heretofore stated.

This court, in an opinion by Draper, J., in the case of *Spickelmier* v. *Chambers* (1943), 113 Ind. App. 470, 47 N. E. 2d 189, in construing the statute involved, stated:

"The act declares the public policy of this State, defines a labor dispute and forbids the issuance of any injunction in a case involving or growing out of a labor dispute except in strict conformity with the provisions thereof."

The record in this case shows that on the 14th day of February, 1956, the trial court issued a restraining order, without notice, and fixed the 17th day of February, 1956, as the date the court would hear the appli-

cation for the temporary injunction requested by the petitioner.

On February 14, 1956, the court made and entered his temporary restraining order without notice, which said restraining order in material and pertinent substance is as follows:

"... and this proceeding being submitted to the court on said verified complaint on such application for a restraining order, and the court being duly advised in the premises *finds for the plaintiff and finds that the plaintiff is entitled to a restraining order* as prayed for therein. (Our emphasis)

".... IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the defendants, and each of them be, and they are hereby restrained from picketing the place of business of said plaintiff and from interfering with the plaintiff's operation of its business. . . ."

The record further shows that on the 17th and 21st days of February, 1956, the amended petition, filed on February 16, 1956, for the temporary injunction came on for trial before the court; that at the conclusion of all the evidence, the trial court immediately entered the following general finding:

"Let the record show parties present in person and by attorneys; submitted on the question of temporary injunction; and that court being duly advised finds that the restraining order heretofore issued should be kept in effect under the following conditions, and it is extended to include the defendants named in the amended complaint, to-wit: (H. I.)

"The bond heretofore given on temporary restraining order without notice shall be extended to cover the new defendants, likewise. The plaintiff is instructed to have the bondsman come in and resign the bond as of this date, or failing and refusing to do so, to furnish a new bond in the same amount, to-wit: $1,000.

"*The restraining order will be extended as a temporary injunction* until an election is held of

the non-management employees of said plaintiff as to whether they wish to recognize the defendant union as their bargaining agent, the terms and conditions of said election and the supervision thereof to be arranged by the parties. (Our emphasis)

"In lieu thereof, after failing to agree upon the same, they shall report to the Court and the Court will arrange such election.

"Cause continued until further order."

It is apparent from paragraph three of the order entered by the trial court on February 21, 1956, wherein the trial court ordered an election that there was a labor dispute as defined by §40-513, Burns' 1952 Replacement. As this court has set forth in the case of *Murrin* v. *Cook Bros. Dairy* (1956) 127 Ind. App. 23, 138 N. E. 2d 907:

"The term 'labor dispute' includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee." §40-513, Burns' 1952 Replacement.

As shown, the record in the case before us affirmatively shows that the trial court issued a restraining order and granted a temporary injunction without making findings of fact in either said restraining order or the temporary injunction prior to the issuance of the order granting the temporary injunction, notwithstanding the provisions of the Legislative act above-referred to. We believe this was error.

The Supreme Court of Indiana, in the case of *Weist* v. *Dirks,* (1939), 215 Ind. 568, 20 N. E. 2d 969, stated: "If the case involves a 'labor dispute' it was error to refuse to find the facts specially."

Furthermore, §40-509, Burns' 1952 Replacement, provides, ". . . and every restraining order or injunction granted in a case involving or growing out of a labor dispute shall include only a prohibition of such specific act, or acts, as may be expressly complained of in the bill of complaint or petition filed in such case and as shall be expressly included in said findings of fact made and filed by the court as provided herein." The parties have not directed our attention to, nor have we discovered, any provision in the Indiana Labor Anti-Injunction Statute, or any other statutory authority in Indiana, which grants to a trial court the power or jurisdiction to include in a temporary injunction the jurisdiction to order and direct the parties involved to hold an election.

Judgment reversed.

NOTE.—Reported in 140 N. E. 2d 763.