FAIR SHARE ORGANIZATION ET AL. *v.* THE KROGER
COMPANY ET AL.

[No. 29,792. Filed March 23, 1960. Rehearing denied
April 27, 1960.]

*F. L. Anderson, Jr., Anderson, Hicks & Anderson,* and *Hiebert L. Bradley,* all of Gary, for appellants.

*Barrett, Barrett & McNagny* and *J. A. Bruggeman,* both of Fort Wayne, for appellee.

*Robert Karmel,* of Chicago, Illinois, and *George Sammons, Sr.,* of Kentland, for Intervenors.

*John Preston Ward,* of Indianapolis, and *Max Cohen,* of Gary, *Amicus Curiae.*

PER CURIAM.—This appeal from the granting of a temporary injunction by the court below was taken by appellant to the Appellate Court pursuant to Burns' §40-510 (1952 Replacement).[1] The Appellate Court, upon appellee's motion, transferred the cause to this court on the theory that the case did not involve or grow out of a labor dispute and that an appeal from the granting of a temporary injunction under Burns' §4-214 (1946 Replacement)[2] should be taken from the trial court to the Supreme Court.

We believe the finding of facts entered by the trial court shows that this cause involved or grew out of a labor dispute as defined in Burns' §40-513 (1952 Replacement).[3] The finding was in part as follows:

"On and after September 19, 1958, the defendants picketed and caused to be picketed one or more of said three stores for purpose of forcing plaintiff to change its employment practices; and for the purpose of forcing plaintiff to engage in selective hiring of Negro employees based on the proportion of Negro customers who patronize its stores, which

---

1. Acts 1933, ch. 12, §10, p. 28.
2. Acts 1901, ch. 247, §9, p. 565; 1907, ch. 148, §1, p. 237; 1915, ch. 76, §1, p. 149; 1925, ch. 201, §1, p. 487.
3. Acts 1933, ch. 12, §13, p. 28.

would result in requiring the plaintiff to discharge or transfer competent white employees and replace them with Negroes; . . ."

We believe the lower court's further statement that:

"There is no labor dispute existing between the plaintiff and its employees or the unions which lawfully, properly and exclusively represent them in collective bargaining."

is ambiguous but that under the facts found by the court heretofore set out, it could only be concluded that the case involved or grew out of a labor dispute as defined in the Indiana Statutes. See: *New Negro Alliance* v. *Grocery Co.* (1938), 303 U. S. 552, 58 S. Ct. 703, 82 L. Ed. 1012, involving a similar statute.

This cause is now ordered transferred back to the Appellate Court.

NOTE.—Reported in 165 N. E. 2d 606.