FAIR SHARE ORGANIZATION ET AL. *v.* THE KROGER COMPANY ET AL.

[No. 19,305. Filed July 3, 1961. Dissenting Opinion filed July 18, 1961.]

*F. L. Anderson, Jr., Anderson, Hicks & Anderson* and *Hilbert L. Bradley*, for appellants.

*Barrett, Barrett & McNagny* and *J. A. Bruggeman*, both of Ft. Wayne, for appellee.

*John Preston Ward*, of Indianapolis and *Max Cohen*, of Gary, for Indiana Civil Liberties Union, *amicus curiae*.

*Robert Karmel*, of Chicago, Illinois, *Sammons & Sammons, George Sammons, Sr., Barce & Barce*, all of Kentland, and *Hershman & Gericke*, of Crown Point, for Intervenors, Local 1460, Retail Clerks International Association, AFL-CIO, et al.

BIERLY, J.—This cause was originally filed in the Lake Circuit Court by appellee on the 24th day of October, 1958. On the same date, a petition was filed by the AFL-CIO, Local 1460, to intervene in said cause.

Said cause was venued to the Newton Circuit Court on the 6th day of November, 1958.

Subsequently, on the submission of plaintiff's appli-

cation for a restraining order without notice "to the court for hearing and determination," the court "having heard the evidence adduced, and the argument of counsel and being fully advised in the premises *now finds that the averments of the plaintiff's complaint are and duly proved and that the plaintiff is entitled to a restraining order as prayed for.*" (Our emphasis.) Temporary restraining order was issued November 12, 1958.

On November 18, 1958, defendants-appellants filed a "Motion to Dissolve Temporary Injunction," issued against them on November 12, 1958. That order had been denominated by the court, as a "temporary restraining order." The court, on November 19, 1958, heard argument on motion to intervene, motion to dissolve temporary restraining order, and upon two questions of law. Thereafter, on the 9th day of February, 1959, the court granted petition to intervene and overruled objections thereto; overruled joint and several motions to make more specific and to strike; overruled defendant's motion to dissolve temporary injunction (the court had entered a temporary restraining order) ; "now finds that plaintiff's application for a temporary injunction preserving the status quo until final trial on the merits should be granted;" files at the suggestion of the defendants its special findings of fact and its conclusions of law; and, in accordance with specified findings of fact and conclusions of law, entered an order of judgment granting a temporary injunction against defendants.

On said date of February 9, 1959, defendants filed a praecipe directing the clerk to prepare a complete transcript of the entire record of this cause as a basis of an appeal to this Court, pursuant to Burns' §40-510.

Appellants in this assignment of errors, aver error, to-wit:

"1. The court erred in overruling appellants' motion to dissolve temporary injunction.

2. The court erred in granting its temporary injunction of February 9, 1959."

Appellee, The Kroger Company, on April 22, 1959, moved this Court to transfer this cause to the Supreme Court on the theory that appellants' petition for extension of time to file their brief, showed on its face that this appeal was from an interlocutory order which by Burns' §4-214 (Thirteenth) should be taken to the Supreme Court and, further, for the reason, that the trial court in certain of its Findings of Fact and Conclusions of Law, held that the issue of a labor dispute was not involved, and consequently an appeal for injunctive relief should be before the Supreme Court. This Court granted said motion to transfer this appeal to the Supreme Court where it was assigned Cause No. 29,792.

The Supreme Court, Per Curiam, as reported in 165 N. E. 2d 606, on March 23, 1960, held the action at bar grew out of a labor dispute, that the appeal properly lay to this Court rather than the Supreme Court, and thereupon ordered the cause transferred back to the Appellate Court, Burns' §40-513.

The Supreme Court denied a rehearing April 27, 1960, on petition by appellee, The Kroger Company.

On April 18, 1961, appellants filed their pleading denominated "Motion for Order of Reversal and Remanding of this Cause for Entry of Order of Dissolution of Temporary Injunction and for Instructions to Parties Re: Setting for Oral Argument." Said motion, omitting formal heading and verification, is as follows:

"Come now the appellants and would respectfully show to the Court what follows:

1. That this Court has jurisdiction of this cause as established by decision of the Indiana Supreme Court, rendered March 23, 1960, rehearing denied April 27, 1960, reported in — Ind. —, 165 N. E. 2d 606;

2. That this appeal has been perfected and the issues involved have been fully briefed on the merits by all parties; that this cause has been assigned for Oral Argument before this Court on the 20th day of April, 1961; that the time and circumstances for Appellees to file any Motion to Dismiss have expired;

3. That Appellee, The Kroger Company, did on the 13th day of April, 1961, without the knowledge, consent, agreement or connivance of Appellants, dismiss its Complaint for Injunction and Damages in Cause No. 14122, in Newton Circuit Court, Kentland, Indiana, upon which complaint an alleged hearing was had pursuant to which the Temporary *Injunction* appealed herein, was issued; that a photo-copy of such order of dismissal, as transmitted to Appellants' counsel is attached hereto, incorporated herein and identified as "Exhibit A";

4. That Appellants are entitled to an order of this Court determining this appeal by reversing the decision of the trial court with direction for entry of an order of dissolution of the Temporary Injunction, for the following reasons, to-wit:

a. That Plaintiff's (Appellee's) unilateral, voluntary dismissal of such cause, during the pendency of this appeal, amounts to an abandonment of such cause of action and is a concession that it was not entitled to obtain such Temporary Injunction and is tantamount to a confession of error on this appeal;

b. That the Law of the Case, as established by the aforesaid Supreme Court decision, determining that "a labor dispute" is involved and requiring application of the provisions of the Indiana Anti-Injunction Act, conclusively binds the parties hereto and outlines the law pertinent

to a determination of the issue that the trial court decision appealed from is erroneous;

c. To make available to Appellants a conclusive determination that such Temporary Injunction was improvidently or erroneously issued, a condition precedent to a recovery of damages on the injunction bond filed and to eliminate such issue from future litigation relevant to such liability;

d. To preclude the possibility of claims for liability on Appellants' appeal bond, which may arise from any dismissal of this appeal;

5. That it is desirable and beneficial to the parties and their counsel that the court eliminate possible confusion regarding the scheduled Oral Arguments herein, which may arise from the circumstances shown hereinabove.

> ANDERSON, HICKS & ANDERSON
> and HILBERT L. BRADLEY,
> Attorneys for Appellants
>
> By:
>
> /s/ F. Laurence Anderson, Jr.
>
> F. Laurence Anderson, Jr."

"EXHIBIT A"

NEWTON CIRCUIT COURT
Kentland, Indiana

Cause No. 14122                    (Date)  April 13, 1961

Title of Cause   The Kroger Company
                        vs.
                 Fair Share Organization

Brief Statement   Comes now the Plaintiff by its at-
of Motion         torneys of record and moves the
                  Court to dismiss its complaint in the
                  above entitled action. Motion granted.
                  It is therefore ordered that the Plain-
                  tiff's complaint be, and it is hereby

dismissed. Costs taxed against the Plaintiff.

/s/ Newell A. Lamb

Judge of the Newton Circuit Court

F I L E D

In Open Court

April 13, 1961

Pauline M. Hiestand

Clerk of Newton

Circuit Court

Name of Moving

Counsel

Name of Opposing

Counsel (if any)

cc: Barrett, Barrett & McNagny

cc: Barce & Barce

cc: Anderson, Hicks & Anderson

cc: Hilbert L. Bradley

cc: Sammons & Sammons

Hand this memorandum to the Clerk"

Appellee, The Kroger Company, filed its response to said motion on April 18, 1961, which omitting its formal parts but including signatures, follows, to-wit:

"Appellee, The Kroger Company, for its response to the Motion For Order of Reversal and Remanding of This Cause For Entry Of Order Of Dissolution of Temporary Injunction respectfully represents to the Court that this action was dismissed pursuant to the authority granted by Section 433, chapter 38 of the Acts of 1881, Special Session (Burns' 2-901), and that upon such dismissal, all interlocutory orders are dissolved and this appeal became moot. This Court is without authority to settle the liability on the bond in this action. *Schultz* v. *Keel*, 122 Ind. App. 471, 106 N. E. 2d 254. The voluntary dismissal fixes the liability of the parties on the bond, *Swan* v. *Timmons* (1881), 81 Ind. 243, 245.

Wherefore, Appellee, The Kroger Company, prays that the Court deny Appellant's motion and for all other just and proper relief in the premises.

BARRETT, BARRETT & McNAGNY

/s/ By: J. A. Bruggeman

Attorneys for Appellee,
The Kroger Company"

From these pleadings set forth above, we have before us two significant questions: "A" Did the Newton Circuit Court possess authority to enter an order of dismissal in said cause as prayed for by appellee, The Kroger Company?, and, "B" If so, what legal effect did such dismissal have on this appeal?

The trial court in its findings preparatory to issuing its Temporary Injunction said, in part: "Now finds that plaintiff's application for a temporary injunction preserving the status quo until trial on the merits should be granted." Hence the trial court apparently considered the Temporary Injunction as an Interlocutory Order. Inasmuch as the Supreme Court's decision that the case at bar involved a labor dispute, an appeal taken from a temporary injunction lay with the Appellate Court, Burns' §40-510, but where no labor dispute is involved, an appeal taken from a Temporary Injunction lay with the Supreme Court in accordance with Burns' §4-214.

From an examination of appellees' complaint it appears that the substance embraced in the Temporary Injunction issued by the Court did not involve nor include a determination of all issues raised and thus the Court did not consider all allegations contained therein. From Indiana Trial and Appellate Practice by Flanagan, Wiltrout and Hamilton, §2159, Comment 3, Temporary Injunction, page 39, we quote:

". . . On appeal from an interlocutory order granting an injunction, ordinarily, the court doesn't consider the final merits of the case. *Kist* v. *Coughlin* (1936), 210 Ind. 622, 1 N. E. 2d 602, . . . ."

Hence, we are of the opinion that in the case at bar, the granting of appellants' "Motion for Order of Re-

versal and Remanding of this Cause for Entry of Order of Dissolution of Temporary Injunction," would not have concluded and determined all matters involved in appellees' complaint, without any consideration of the legality of the action of the Newton Circuit Court in granting appellees' motion to dismiss said cause.

The Acts of 1881 (Spec. Sess.), ch. 38, §433, p. 240, (Burns' 1946 Replacement, §2-901) provide: "An action may be dismissed without prejudice. First, by the plaintiff, before the jury retires; or, when the trial is by the court, at any time before the finding of the court is announced." See *State ex rel. A. Chalmers Mfg. Co.* v. *Boone C. Ct.* (1949), 227 Ind. 327, 86 N. E. 2d 74. When a motion to dismiss is filed by plaintiff at an appropriate time, the Court has no alternative but to dismiss the same. *Stamper* v. *Link* (1946), 117 Ind. App. 212, 69 N. E. 2d 600.

Appellants in paragraph 3 of their motion for order and remanding of this cause, apparently criticize appellee for filing its motion for dismissal without giving notice to appellants. Appellants gave no citation that appellee was required to give such notice and hence this criticism is given no weight by us. In Comment 6 of Section 1312, at page 133, Flanagan, Wiltrout and Hamilton, *supra*, we note the following:

"Failure of court to enter judgment of dismissal- error. It is reversible error for the trial court to fail or refuse to enter judgment of dismissal of the action where the plaintiff has filed a *timely motion to dismiss*, either during term time "as authorized by statute, or filed such a motion with the clerk during vacation and paid the accrued costs. *Isaacs, Trustee* v. *Fletcher Amer. Nat. Bank* (1934), 98 Ind. App. 111, 119, 185 N. E. 154, 157; *State* v. *Bridges* (1946), 116 Ind. App. 483, 488, 489, 64 N. E. 2d 411, 413." (Our emphasis.)

The effect of the dismissal of an action timely filed is the equivalent of a nonsuit. It has been held by the Supreme Court of this state that after the cause is dismissed and judgment of dismissal entered by the court, the cause of action is no longer pending for any purpose. *Breese and Another* v. *Allen* (1859), 12 Ind. 426; *Wiseman et al.* v. *Lynn* (1872), 39 Ind. 250.

We think the trial court committed no reversible error in granting the motion of appellee to dismiss its action in the Newton Circuit Court on April 13, 1961; that the dismissal of such action dissolves any and all interlocutory orders, and as a further result arising therefrom, the appeal of this case at bar became, therefore, moot.

"The general rule is that in the absence of statute, and where the answer seeks no affirmative relief, a dismissal, discontinuance, or nonsuit leaves the situation as if the suit had never been filed and carries down with it previous rulings and orders in the case." 11 A. L. R. 2d, §3, page 1411, and it is further stated at §5, page 1416, ". . . it has been held that a voluntary or involuntary dismissal, or a discontinuance or nonsuit of a case, operates as a dissolution of a previous restraining order or injunction issued in the case."

As heretofore stated, the appellants in their assignment of errors, contend that the court erred in overruling their motion to dissolve the temporary injunction, and also erred in granting its temporary injunction of February 9, 1959. Hence, it appears that the relief sought by appellants in their assignment of errors was actually effected through appellees' motion to dismiss the cause in the Newton Circuit Court and by the court sustaining the same.

The matter of liability, if any, upon the bond, given upon the issuance of the temporary injunction is not at issue in this appeal, hence, this court has no authority to determine liability on the said bond and any remedy sought must be established and determined by a separate action on the bond. 28 Am. Jur. §35, page 529. *Schultz* v. *Keel* (1952), 122 Ind. App. 471, 106 N. E. 2d 254.

In the case of *Swan et al.* v. *Timmons et al.* (1881), 81 Ind. 243 at page 245, the court held that the dismissal of an action for an injunction by the plaintiff was a confession by him that at that time he had "no legal or equitable right to the relief sought, and the dismissal was a breach of the bond" given by plaintiff when his action was filed.

The Newton Circuit Court in its dismissal of plaintiffs'-appellees' complaint in the cause of action taxed costs against the plaintiffs.

We are of the opinion that appellants' "Motion for Order of Reversal and Remanding of this Cause for Entry of Order of Dissolution of Temporary Injunction," should be denied.

Motion denied.

In view of the denial of this motion of appellants, we see no useful purpose in retaining this appeal on our calendar and hence order it dismissed. *Interntl. Harvester Co. et al.* v. *Snavely et al.* (1959), 129 Ind. App. 567, 158 N. E. 2d 802.

Dismissed.

Pfaff, C. J., concurs.

Kelley, J., not participating.

Gonas, J., dissents with opinion.

### DISSENTING OPINION

GONAS, J.—This case is not barren of difficulty.

I cannot agree with the prevailing opinion because plaintiff had no right to dismiss his complaint in the trial court as the trial court loses jurisdiction when an appeal is perfected to the Appellate Court, therefore, the case in this court is not moot, and the provisions of the Indiana Anti-Injunction Act, Burns' §§40-501, 40-513, should be applied in deciding this case on its merits.

Burns' §2-901 provides that an action may be dismissed without prejudice by the plaintiff at any time before the finding of the court is announced. Special findings of fact were required in the case before us. Cases construing this section have held that where special findings of fact are required, the right of plaintiff to dismiss is cut off when the special findings are announced. In *Halstead* v. *Sigler* (1905), 35 Ind. App. 419, 427, 74 N. E. 538, it was stated:

> ". . . Where a case is tried before the court, and a special finding of fact is demanded, plaintiff may dismiss his cause of action or any part thereof, at any time before such special finding of facts is announced. *It is the announcement of the special finding after it has been reduced to writing which cuts off the right of dismissal.* (Our emphasis.)

The trial court announced the special findings in the case before us long before the plaintiff attempted to dismiss its complaint. The special findings were announced on February 9, 1959. Plaintiff attempted to dismiss its complaint on April 13, 1961, which was one week before the date assigned for oral argument of the case in this court.

The right of plaintiff to dismiss its complaint is cut off if it is not exercised within the time allowed. *Randles*

*et al.* v. *Randles* (1878), 63 Ind. 93. In this case, our Supreme Court said, with reference to what is now Burns' §2-901, *supra*:

". . . The implication from this provision is so strong, we think, as to amount to a positive declaration, that a plaintiff may not dismiss his action after the finding of the court on the trial has been announced, except with defendant's consent and with leave of the court. . . ."

The trial court is without jurisdiction to proceed with the case in any matter that tends to upset the jurisdiction of this court. *Cirtin* v. *Cirtin* (1927), 87 Ind. App. 457, 458, 161 N. E. 709. *O'Malley* v. *Hankins et al.* (1935), 207 Ind. 589, 598, 192 N. E. 168.

The record before us shows that defendant did not consent to the dismissal by plaintiff, and that defendant had no knowledge of the dismissal, thus plaintiff had no right to dismiss its complaint. See 89 A. L. R. 13, and 126 A. L. R. 284, for two extensive articles discussing dismissal and non-suit.

Having concluded that the plaintiff had no right to dismiss its complaint in the trial court, the case is not moot in this court and should be considered on its merits.

The Supreme Court of Indiana held that the matter before us grew out of a labor dispute, *Fair Share et al.* v. *Kroger Co. et al.* (1960), 240 Ind. 461, 165 N. E. 2d 606, which holding was not novel, and followed the opinion of Justice Roberts of the Supreme Court of the United States in *New Negro Alliance* v. *Grocery Co.* (1938), 303 U. S. 552, 58 S. Ct. 703, 82 L. Ed. 1012.

A consideration of the merits of this case demands the application of the terms of the Indiana Anti-Injunction Act, Burns' §40-501 *et seq.* which denies the courts of this state jurisdiction to issue any restraining

order or temporary or permanent injunction without first complying with certain stated conditions.

The facts are: the Kroger Company, an Ohio Corporation, which operates retail stores for the sale of groceries in and about Gary, Lake County, Indiana, instituted this litigation by filing its verified complaint seeking, inter alia, an injunction against the Fair Share Organization (an unincorporated association, which operates in and about Gary, Lake County, Indiana), and certain individuals from alleged unlawful picketing of three Kroger Stores, located in and near Gary, Indiana.

The Fair Share Organization and the individuals filed their verified answer, averring, among other things, that the relief sought by Kroger was prohibited by Indiana's Anti-Injunction Act, and that they were engaged only in peaceful dissemination of information regarding a labor dispute.

On November 12, 1958, the trial court conducted a hearing and heard evidence presented by the Kroger Company. Toward the end of the hearing and immediately after a brief recess the court made the following announcement:

> "I believe inasmuch as we are goint to proceed next Tuesday about ten thirty A.M. I will issue the temporary restraining order, being of the opinion that an emergency does exist which justifies the extension of a restraining order. Being also of the opinion that a restraining order should issue until the issues here are classified and proper parties made, also being advised that there is a petition to intervene on behalf of a certain labor organization that has to be heard and that we should preserve the status quo of the case until we can go into all of the various problems that have presented themselves today; we have heard the evidence, and believe in fairness to all concerned we should not take any steps that are not gone into with evidence, and with proper authorities. I be-

lieve the court has the power to issue a restraining order temporarily until we can get to the meat of the problem which I will do and we will take up again *tat* 10:30 next Tuesday and resume the—I believe we will take up next Tuesday on all of the remaining motions and then go into the matter of the evidence in the main case. Also, the matter of the parties. The petition to intervene, the motions to strike that remain, the objections to the petition for leave to intervene and the verified answer."

After this, no other evidence was offered or introduced.

Thereafter, the court issued a temporary injunction prior to making and filing his findings of fact as required by Burns' §40-509, this, I submit, was error.

Burns' §40-509 (1952 Repl.) provides:

"No restraining order or temporary or permanent injunction shall be granted in any case involving or growing out of a labor dispute, except on the basis of finding of facts made and filed by the court in the records of the case prior to the issuance of such restraining order or injunction. . . ."

Appellants have as much right to prosecute their appeal to final determination in this court as the plaintiff has to prosecute his action to final determination in the trial court.

As noted above, our Supreme Court held that the picketing involved in this case grew out of a labor dispute. *Fair Share et al.* v. *Kroger Co. et al., supra.* Where a labor dispute precipitates picketing, an injunction may issue to restrain that picketing only in accordance with the terms of the Indiana Anti-Injunction Act. Burns' Ind. Stat. §40-501 *et seq. State ex rel. Taylor* v. *Circuit Court of Marion County* (1959), 240 Ind. 94, 162 N. E. 2d 90. In *Blackburn* v. *Koehler*

(1957), 127 Ind. App. 397, 140 N. E. 2d 763, Judge Cooper of this court held that it was error for the trial court to grant an injunction restraining picketing which grew out of a labor dispute without first making a finding of facts. The judgment of the trial court should be reversed on the basis of the authorities above cited.

NOTE.—Reported in 176 N. E. 2d 205.