HIGHLAND REALTY, INC.,
Appellant (Plaintiff),

v.

INDIANAPOLIS AIRPORT AUTHORITY, Appellee (Defendant).

No. 12A02–8811–CV–410.

Court of Appeals of Indiana, Second District.

March 27, 1990.

Stephen Speicher, Lincoln, Neb., for appellant.

Frederic C. Sipe, William L. Schlosser, Sipe, Pankow, Han & Free, Indianapolis, Gene R. Robbins, Morrison, Robbins & Shaffer, Frankfort, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Plaintiff-appellant Highland Realty, Inc. (Highland) appeals from the grant of its motion to voluntarily dismiss its action against defendant-appellee Indianapolis Airport Authority (Authority), claiming the trial court erred when it conditioned the dismissal without prejudice of Highland's action on the payment of the Authority's attorneys' fees.

We reverse.

## FACTS

The facts most favorable to the trial court's judgment reveal that on January 4, 1983, Highland, the owner and operator of a mobile home park adjacent to the Indianapolis International Airport, filed suit against the Authority, the municipal corporation which maintains and operates the airport. Highland's complaint included six different counts, seeking relief under theories of inverse condemnation, nuisance, trespass, contract, civil rights and slander of title. Throughout the course of the proceedings, various summary judgment motions were granted which eliminated all counts except Highland's inverse condemnation claim.

After the names of several of Highland's expert witnesses were stricken because Highland failed to include their names in its witness list, and after the trial court denied Highland's motion to amend its complaint against the Authority, Highland requested a voluntary dismissal of its action, without prejudice, pursuant to Ind. Rules of Procedure, Trial Rule 41(A)(2) on May 19, 1988.

On June 3, 1988, the trial court granted Highland's request and issued the following order:

"Plaintiff filed its Notice of Dismissal on May 19, 1988, in a cause that it commenced January 4, 1983, and which is set for trial on June 7, 1988. Plaintiff asserts that when this cause is dismissed it will be immediately refiled and Defendant will not be prejudiced.

This lawsuit has been pending for over five years, been in three counties and had three different lead counsel for plaintiff while in this county. Counsel for plaintiff, on the eve of trial, proposes to pay court costs, call it a day and start over again tomorrow. Such is not proper under Trial Rule 42(A)(2). [sic] To achieve the propriety contemplated under T.R. 42(A)(2) [sic] this court deems it proper for plaintiff to reimburse defendant for the cost of the five years exercise it has occasioned.

It is not contemplated that the ultimate dismissal of this cause will negate the amount ordered, adjudged and decreed payable to defendant from plaintiff in that such payment is necessary to effectuate the propriety of T.R. 42(A)(2) [sic] and without such payment the dismissal of this cause should not be without prejudice.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendant Indianapolis Airport Authority shall receive from plaintiff Highland Realty, Inc. the sum of $143,586.06 to recompense defendant for the expenses it incurred as a result of this action which plaintiff now wishes to dismiss.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that after

making such award to defendant in the form of an order and judgment so as to make the dismissal without prejudice proper under Trial Rule 42(A)(2) [sic] this cause is dismissed without prejudice."

*Record* at 288–89 (apparently the trial court intended to cite Trial Rule 41(A)(2)).

This sum, later modified to $140,989.81, included all of the Authority's attorneys' fees incurred during the pendency of the action.

On June 13, 1988, Highland moved to file and publish a deposition, which the trial court denied on the grounds the case had been dismissed. Highland filed a supersedeas bond to stay the execution of the judgment pending this appeal.

## ISSUE

■ While Highland raises several issues on review, we need only consider one issue:[1]

Whether the trial court erred when it ordered Highland to pay the Authority's attorneys' fees?

## DECISION

PARTIES' CONTENTIONS—Highland asserts that the trial court exceeded its authority when it ordered the payment of attorney's fees as a condition of the dismissal without prejudice of Highland's action because T.R. 41(A)(2) does not empower the trial court to award attorney's fees. The Authority responds that federal courts have long interpreted the federal version of T.R. 41(A)(2) as allowing the imposition of attorney's fees as a condition of a dismissal without prejudice, and argues that Indiana should follow the federal court's interpretation. In the alternative, the Authority

claims the award of attorney's fees can be sustained under the theory of obdurate behavior.

CONCLUSION—The trial court erred.

■ The trial court could not condition the dismissal without prejudice of Highland's case on the payment of the Authority's attorneys' fees. T.R. 41(A)(2) provides, in pertinent part: "Except as provided in subsection (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and *upon such terms and conditions as the court deems proper.*" (Emphasis supplied).

In *City of Indianapolis v. Central Railroad Co.* (1977), 175 Ind.App. 120, 369 N.E.2d 1109, *trans. denied,* we considered whether T.R. 41(A)(2) allowed the award of attorneys' fees as one of the "conditions" the court may impose when allowing a plaintiff to voluntarily dismiss an action without prejudice.

We found the general rule in Indiana to be that each party bears the cost of its own attorney's fees. While recognizing exceptions to the rule exist when specifically allowed by statute, or for "obdurate behavior" or bad faith as well as when a "common fund" exists or when the party acts as a "private attorney general," we concluded that T.R. 41(A)(2) does not provide another exception to the general rule requiring parties to pay their own attorneys' fees. We decided that an award of attorneys' fees was not within the trial court's discretion when imposing conditions pursuant to T.R. 41(A)(2). *Central Railroad, supra.*

While the federal courts have adopted a different interpretation of the essentially

---

1. Highland raises issues concerning the grant of summary judgment on four of the five issues entered during the pendency of the action. Highland also takes issue with the trial court's striking of its expert witnesses and the denial of Highland's motion to amend its complaint. Lastly, Highland appeals the trial court's denial of its motion to file and publish a deposition. As the Authority points out, however, each of those interlocutory issues are moot because the action was dismissed.

Once a suit is voluntarily dismissed the situation is just as though the suit had never been

filed. *Burnett v. Camden* (1970), 253 Ind. 354, 254 N.E.2d 199; *Board of Commissioners of Cass County v. Nevitt* (1983), Ind.App., 448 N.E.2d 333, *trans. denied.* This court has determined that the dismissal of an action dissolves any and all interlocutory orders, and therefore any issues arising therefrom are moot. *Fair Share Organization v. Kroger Co.* (1961), 132 Ind.App. 160, 176 N.E.2d 205. *See also Courtyard Hairstyling North, Inc. v. McCollough* (1989), Ind. App., 540 N.E.2d 129.

identical Fed. Rules of Civil Procedure, Rule 41(a)(2), *American Cyanamid Co. v. McGhee* (5th Cir.1963) 317 F.2d 295; *Galva Union Elevator Co. v. Chicago and North Western Trans. Co.* (N.D.Iowa, 1980) 498 F.Supp. 26; 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2366 (1971), the Authority makes no compelling argument why we should overrule existing Indiana precedent. The supreme court can amend T.R. 41(A)(2) or alter its interpretation, but this court must obediently follow the law of this state. *Trice v. State* (1986), Ind., 490 N.E.2d 757; *State v. King* (1980), Ind.App., 413 N.E.2d 1016. So the trial court could not condition the dismissal without prejudice of Highland's case on the payment of the Authority's attorney's fees.[2] *Central Railroad, supra.*

■ The Authority would also justify the trial court's award of attorney's fees on the theory of the "obdurate behavior" exception to the general rule that parties bear the cost of their attorney's fees. The trial court made no specific determination as to whether Highland's actions constituted obdurate behavior, but the Authority points to language in the trial court's order as support for its obdurate behavior claim, to-wit:

"Plaintiff asserts that when this case is dismissed it will be immediately refiled and Defendant will not be prejudiced. This lawsuit has been pending for over five years, been in three counties and had three different lead counsel for plaintiff while in this county. Counsel for plaintiff, on the eve of trial, proposed to pay court costs, call it a day and start over again tomorrow."

*Record* at 288. There is an appealing gloss to this argument, but we are confronted immediately with *Kikkert v. Krumm* (1985), Ind., 474 N.E.2d 503, a case in which

our supreme court considered the "obdurate behavior" exception in Indiana. In no uncertain terms it was concluded that:

"Essentially, the obdurate behavior exception is a protective measure which operates to help preserve the integrity of the judicial process. The nature of an attorney fee award under the obdurate behavior exception is punitive, designed to reimburse a *prevailing party* who has been dragged into *baseless litigation* and thereby subjected to *great expense.* [Emphasis in original]. See *Cox v. Ubik* (1981), Ind.App., 424 N.E.2d 127; *Hall v. Cole* (1973) 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702. The obdurate behavior exception only comes into play at the time a party *files a knowingly baseless claim* or at the time a party discovers that the claim is baseless and fails to dismiss it. Such conduct will constitute obdurate behavior if the trial court determines that it was *vexatious and oppressive in the extreme* and a blatant abuse of the judicial process."

*Kikkert, supra* at 505 (emphasis supplied).

From this language it may be deduced that the touchstone of obduracy is *baseless* litigation, bad faith. The Authority makes no claim that any of Highland's actions were baseless or without merit. Highland's cause of action appears to be based on a good faith claim of damages, and its reasons for seeking a dismissal without prejudice cannot be characterized as vexatious or oppressive in the extreme. The obdurate behavior exception claimed by the Authority does not hold water in view of *Kikkert.*

Because the trial court conditioned the dismissal of Highland's action on the payment of the Authority's attorney's fees, we must remand this matter to the trial court for reconsideration of Highland's request

---

**2.** The supreme court, in *City of Garrett v. Terry* (1987), Ind., 512 N.E.2d 405, considered whether attorney's fees were recoverable *in reverse condemnation proceedings.* The court decided that when the legislature amended Ind.Code 32–11–1–10 in 1977, which changed the statute from allowing the recovery of "costs" which had formerly been construed as not allowing the recovery of attorney's fees, to allow the recovery

of "litigation expenses," attorney's fees became recoverable as "litigation expenses" under IC 32–11–1–10. This decision, however, has little applicability, as IC 32–11–1–10 limits the recovery of "litigation expenses" to situations in which the condemnee receives a damage judgment in excess of the government's last settlement offer.

to voluntarily dismiss its action without prejudice.

Judgment reversed and remanded for further proceedings consistent herewith.

HOFFMAN, P.J., and SULLIVAN, J., concur.