

FILED

Apr 28 2023, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dan J. May
Kokomo, Indiana

ATTORNEY FOR APPELLEE

Whitney K. Beck
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

C.M.,

*Appellant-Petitioner,*

v.

J.M.,

*Appellee-Respondent*

April 28, 2023

Court of Appeals Case No.
22A-PO-1743

Appeal from the Howard Circuit
Court

The Honorable Douglas A. Tate,
Special Judge

The Honorable Cheyenne P.
Shepherd, Magistrate

Trial Court Cause No.
34C01-2206-PO-1230

**Opinion by Judge Mathias**
Judges May and Bradford concur.

**Mathias, Judge.**

[1]     C.M. ("Mother") appeals the Howard Circuit Court's order dismissing an ex

parte order of protection that was previously issued by the White Circuit Court

against J.M. ("Father"). Mother raises three issues for our review, which we restate as:

> I. Whether Mother preserved for appellate review her claim that the magistrate lacked authority to preside over the order of protection hearing.

> II. Whether the trial court erred when it issued a written order five days after the dismissal was noted on the chronological case summary ("CCS").

> III. Whether the trial court had jurisdiction to modify or enforce custody of the parties' child and parenting time.

We affirm.

## Facts and Procedural History

Father and Mother were married and have one minor child ("Child").[1] They divorced in Howard County in 2018. In May 2022, Mother filed a petition for an order of protection against Father on Child's behalf with the White Circuit Court. That court granted an ex parte order of protection against Father on May 24.

On May 26, Father filed an "Objection to Venue and Lack of Jurisdiction and Motion to Transfer" alleging that, because the parties' dissolution decree was entered in Howard County, the Howard Circuit Court had jurisdiction over the

---

[1] Although there is no dispute that Child is a minor, the parties do not state Child's age, and we cannot discern her age from the record on appeal.

order of protection. The White Circuit Court agreed and transferred the matter to the Howard Circuit Court (hereinafter the "trial court").

[5] Father then filed with the trial court in Howard County a request for a hearing and motion to terminate the order of protection. On June 8, the parties stipulated that Howard Superior Court Judge Douglas Tate would serve as special judge in the matter. Judge Tate assumed jurisdiction on June 10 and set a fact-finding hearing for June 23 "in the Howard Magistrate Court." Appellant's App. Vol. 2, p. 22.

[6] At the conclusion of the June 23 hearing, with the magistrate presiding, the trial court ruled from the bench and stated that:

> a) the protective order should be terminated immediately; b) . . . Father should be permitted to resume his parenting time; and c) . . . Mother is ordered to pay $2,730.00 in attorney's fees to Father's counsel. [And the trial court] indicated to the parties that the foregoing would be reduced to a written order.

Appellee's Br. at 8.[2] Also on June 23, according to the CCS, the trial court entered an order dismissing the ex parte order of protection. Then, on June 28, the trial court issued its written order, which included the court's findings and conclusions. In that order, the trial court concluded as follows:

> 19. The Ex Parte Order for Protection is hereby DISMISSED.

---

[2] Mother has not included a copy of the transcript in the record on appeal. Mother does not dispute Father's description of the court's ruling from the bench.

20. [Mother] is ordered to immediately transfer the child to [Father's] care to begin his summer parenting time. For the remainder of the summer, the child shall reside with [Father] as primary custodial parent. [Mother] shall exercise parenting time with the child every other weekend. When school starts, and the summer visitation is over, the parties shall revert to the parenting time established in the dissolution case.

21. [Mother] is ordered to pay [Father's] attorney's fees to Whitney K. Beck in the amount of $2,730.00.

Appellant's App. Vol. 2, p. 8. This appeal ensued.5566

## Discussion and Decision

### *Issue One: Magistrate*

[7] Mother first contends that Magistrate Shepherd did not have "jurisdiction" to preside over the hearing on June 23, 2022. Appellant's Br. at 10. In particular, Mother asserts that "[t]here is no written court order, CCS entry, nor other evidence that the Magistrate was appointed Judge Pro Tempore as required by law. Magistrate Shep[he]rd just appeared in the courtroom and announced that she was hearing the case." *Id.*

[8] In support of her contention, Mother cites Indiana Trial Rule 79(I)(2)(a), which provides:

> In the event that a special judge assumes jurisdiction and is thereafter unavailable for any reason on the date when a hearing or trial is scheduled:

(a) the special judge may, as appropriate, appoint a judge pro tempore, temporary judge, magistrate, or senior judge of the court where the case is pending, provided such judge or magistrate is otherwise eligible to serve and has not previously had jurisdiction of the case removed from them pursuant to the Rules of Trial Procedure[.]

And Mother argues that an appointment under Trial Rule 79 must be made in writing pursuant to Trial Rule 63(E).

[9] Mother's argument misses the mark. As Father points out, in the trial court's June 10 order setting the June 23 hearing, the court stated that the hearing would be "in the Howard Magistrate Court." Appellant's App. Vol. 2, p. 22. And Mother did not object to the magistrate presiding over the hearing at any time before or, more significantly, during the hearing.[3] Father contends that Mother has waived this issue for our review, and we agree.

[10] In *Tapia v. State*, 753 N.E.2d 581, 588 (Ind. 2001), the defendant in a post-conviction proceeding argued that "a magistrate who issued several orders in his case lacked authority over his post-conviction proceedings because a special judge had been assigned to hear the case." Our Supreme Court held that the defendant had "waived any claims in regards to the magistrate's authority because he failed to object." *Id.* (citing *Floyd v. State*, 650 N.E.2d 28, 32 (Ind.

---

[3] Mother contends that the trial court's minute entry did not indicate that the magistrate would preside over the hearing. Rather, she thought that Judge Tate would preside in the magistrate's courtroom. But that contention is neither here nor there, as Mother did not object during the hearing.

1994) ("[I]t has been the long-standing policy of this court to view the authority of the officer appointed to try a case not as affecting the jurisdiction of the court. Therefore, the failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal")).

[11] Likewise, we hold that Mother waived any claim that the magistrate did not have jurisdiction over the order of protection hearing.

### *Issue Two: Written Order*

[12] Mother next contends that "the court lost all jurisdiction to enter orders after dismissal of the case as case law clearly holds that the case is no longer pending for any purpose and that the dismissal disposed of the PO case in its entirety." Appellant's Br. at 12. In support, Mother cites case law holding that "after [a] cause is dismissed and judgment of dismissal entered by the court, the cause of action is no longer pending for any purpose." *Id.* (quoting *Fair Share Org. v. Kroger Co.*, 132 Ind. App. 160, 170, 176 N.E.2d 205 (1961)). Thus, Mother argues that the court's written findings and conclusions, entered five days after the ex parte order of protection was dismissed, are a nullity. Mother is incorrect.

[13] In *Fair Share Org.*, the plaintiff voluntarily dismissed its complaint. This Court noted that the voluntary dismissal was "the equivalent of a nonsuit." 132 Ind. App. 160, 170, 176 N.E.2d 205 (1961). Here, in contrast, Father moved for dismissal of Mother's petition. Thus, our analysis in *Fair Share Org.* is inapplicable here. Moreover, here, the trial court expressly stated in open court

that it dismissed the ex parte order of protection; that Father's parenting time was to resume; and that Mother was to pay $2,730.00 in attorney's fees to Father's counsel. Those orders were merely reduced to writing after the hearing. Mother has not shown any error, let alone reversible error, on this issue.

### *Issue Three: Custody and Parenting Time*

Finally, Mother contends that, in the context of the order of protection proceeding, the magistrate "had no jurisdiction to enforce, modify, or adjudicate any of the issues of custody or parenting time which were pending before Judge Tate as special judge of the Howard Circuit Court in the dissolution action." Appellant's Br. at 13. In support, Mother cites *State ex rel. Meade v. Marshall Superior Court II*, 644 N.E.2d 87 (Ind. 1994). In that case, our Supreme Court held that, "where no emergency situation exists, . . . the court where the divorce, custody, and visitation matters were heard retains continuing jurisdiction over the case. A party should go to that court to secure a protective order, absent some extraordinary circumstance." *Id.* at 90.

Here, *Mother* filed her petition for order of protection in the wrong court. It was subsequently transferred to the trial court, which is the same court with jurisdiction over the parties' dissolution, including custody and parenting time matters. Mother's argument here is without merit.

For all of the above reasons, we affirm the trial court's judgment.

Affirmed.

May, J., and Bradford, J., concur.