The CITY OF GARRETT, a Municipal Corporation, Appellant (Defendant Below),

v.

Maurice TERRY & Irene Terry, Appellees (Plaintiffs Below).

No. 76S04–8708–CV–798.

Supreme Court of Indiana.

Aug. 31, 1987.

Gerald M. McNerney, Butler, for appellant.

William B. Bryan, Angola, for appellees.

SHEPARD, Chief Justice.

The issue presented is whether statutory provisions for costs and litigation expenses authorize the award of attorney fees to litigants who successfully challenge a condemning authority's valuation of property taken through inverse condemnation.

Appellants Maurice and Irene Terry filed a property damage suit against the City, claiming the City of Garrett appropriated a portion of their land for a storm sewer. The trial court granted summary judgment and appointed three appraisers, who assessed damages at $14,400. The Terry took exception to the appraised damages. The City offered $3,500 in settlement, which the Terrys refused. A jury heard the issue of damages and returned a verdict of $6,500. Additionally, the trial court assessed the City $1,369.96 in costs and $3,515 in attorney fees.

In a memorandum decision, the Court of Appeals affirmed the award of damages to the Terrys, but reversed the trial court's award of attorney fees. *City of Garrett v. Terry*, 497 N.E.2d 265 (Ind.App.1986). Appellant City of Garrett seeks transfer on the award of damages, while the Terrys seek transfer of the reversal of the award of attorney fees. The Court of Appeals was correct in affirming the damages

awarded. The order for attorney fees, however, presents a new question, and we grant transfer to address it.

In reversing the award of attorney fees, the Court of Appeals determined that attorney fees were not appropriate as costs under Ind.Code § 32–11–1–10. That section provides for costs and expenses to litigants who successfully challenge the valuation of property taken by condemning authorities; these procedures also apply to inverse condemnation proceedings. Ind. Code § 32–11–1–12. Section 10 reads, in pertinent part:

> The costs of the proceedings shall be paid by the plaintiff, except that in case of trial the additional costs thereby caused shall be paid as the court shall adjudge. However, if, in case of trial, the amount of damages awarded to the defendant by the judgment, exclusive of interest and costs, is greater than the amount specified in the last offer of settlement ..., the court shall allow the defendant his litigation expenses in an amount not to exceed twenty-five hundred dollars.

Ind.Code § 32–11–1–10 (Burns 1980 Repl.) as amended by 1977 Ind. Acts, P.L. 312, § 3.

Relying on *City of Indianapolis v. Central Railroad Co. of Indianapolis* (1977), 175 Ind.App. 120, 369 N.E.2d 1109, the Court of Appeals determined that costs allowed by this section do not include attorney fees. Such was consonant with this Court's decision in *State v. Holder* (1973), 260 Ind. 336, 295 N.E.2d 799, which held that "the bare term 'costs' does not encompass attorney fees," and thus does not provide statutory authority to award such fees. *Id.* at 339, 295 N.E.2d at 800.

The decisions in *Holder* and *Central Railroad,* however, were based on the statute as it read in 1977:

> The costs of the proceedings shall be paid by the plaintiff, except that in the case of contest, the additional cost thereby caused shall be paid as the court shall adjudge.

Ind.Code § 32–11–1–10 (Burns 1973).

While costs under the earlier statute did not include attorney fees, the current statu-

tory allowance for litigation expenses is sufficient authority for such an award. The language added to the statute in 1977 is nearly identical to the *Uniform Eminent Domain Code*, which reads:

> If the amount of the compensation awarded to the defendant by the judgment, exclusive of interest and costs, is equal to or greater than the amount specified in the last offer of settlement ..., the court shall allow the defendant ... his litigation expenses in an amount not exceeding ... [ ] dollars....

*Unif.Eminent Domain Code* § 1205(b), 13 U.L.A. 119 (1986).

The Uniform Code defines the term "litigation expenses" as "the sum of the costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, necessary to prepare for anticipated or participation in actual proceedings." *Unif.Eminent Domain Code* § 103(14), 13 U.L.A. 12.

The Interim Study Committee of the Indiana Legislative Council noted that the *Uniform Eminent Domain Code* provides for attorney fees and cited *Holder* as an example of a condemnation suit brought by the condemnor in bad faith. *Final Report of the Interim Study Committee on Eminent Domain* (1976). The legislature subsequently adopted the language from the uniform code. The intent of the General Assembly in adding these provisions from the uniform act after the decisions in *Holder* and *Central Railroad* seems plain enough. We conclude that the amendments to Ind.Code § 32–11–1–10 authorize attorney fees as a part of litigation expenses.

Appellee's petition to transfer is granted, the opinion of the Court of Appeals is vacated as to the award of attorney fees, and the cause is remanded to the trial court for award of litigation expenses not to exceed $2,500. In all other respects, we affirm the trial court and the Court of Appeals.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.